STOKES *v.* LAKEY FOUNDRY CORPORATION

1. JUDGMENT — RES JUDICATA — APPLICATION — EXCEPTION — WORKMEN'S COMPENSATION.
    Workmen's compensation cases are an exception to the doctrine of *res judicata* which applies not only to issues which were determined on the merits but also to matters which the parties had the opportunity to present for adjudication on the merit.

2. WORKMEN'S COMPENSATION—RES JUDICATA—APPLICATION.
    *Res judicata,* although applicable to workmen's compensation cases, is limited to issues that were actually litigated as a matter of fact.

3. WORKMEN'S COMPENSATION—MEDICAL EXPENSES—RES JUDICATA.
    The doctrine of *res judicata* did not bar plaintiff from asserting a claim for the expenses of her deceased husband's last ill-

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3]  58 Am Jur, Workmen's Compensation §§ 492, 493.

ness where the question of those expenses were neither raised nor litigated in workmen's compensation proceedings in which decedent had received an award for having contracted an occupational disease while in the employ of defendant corporation.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 November 7, 1969, at Grand Rapids. (Docket No. 6,455.) Decided November 25, 1969. Leave to appeal denied February 19, 1970. See 383 Mich 768.

Complaint by Vessie Mae Stokes, widow of Hulite Stokes, deceased, against Lakey Foundry Corporation, a Michigan corporation, for payment of her husband's medical expenses. Workmen's compensation award for plaintiff. Defendant appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley, (J. Walter Brock,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

R. B. BURNS, J. Plaintiff received an award under the workmen's compensation act, MCLA § 411.1 *et seq.* (Stat Ann 1968 Rev § 17.141 *et seq.*) because of the death of her husband. Subsequently plaintiff filed another application under the act for the expenses of her husband's last illness. The deceased was a patient at the Muskegon Northshore Hospital, a state tuberculosis sanatorium, and accrued a charge of $16,980.16. Plaintiff agreed to pay this money to the hospital. Defendant contended at the hearing before the referee that the issue was *res*

*judicata,* and the referee denied the claim on this ground. The appeal board reversed the hearing referee, holding that the expenses of the last illness had not been in issue at the prior hearing and, therefore, was not *res judicata.*

Except for workmen's compensation cases, Michigan has held that the doctrine of *res judicata* applies not only to issues which were determined on the merits, but also to matters which the parties had the opportunity to present for adjudication on the merits. *Strech v. Blissfield Community Schools District* (1959), 357 Mich 620; *Guersten* v. *Kenney* (1965), 375 Mich 330.

While the doctrine of *res judicata* does apply to workmen's compensation cases, (*Willis* v. *Michigan Standard Alloy Casting* [1962], 367 Mich 140), in Michigan it has been limited to issues that were actually litigated as a matter of fact. *Herbert* v. *Ford Motor Co.* (1938), 285 Mich 607; *White* v. *Michigan Consolidated Gas Company* (1958), 352 Mich 201.

The question of expenses for the deceased's last illness in the present case was not raised or litigated in the first proceedings and under Michigan law the doctrine of *res judicata* did not bar the plaintiff from asserting the claim in this proceeding.

The award of the workmen's compensation appeal board is affirmed. Costs to plaintiff.

All concurred.