BENEFIELD v. W. R. GRACE CO.

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR.

The findings of fact made by a workmen's compensation referee and the Workmen's Compensation Appeal Board are, in the absence of fraud, conclusive; on appeal, unless it is shown that inferences contrary to undisputed evidence have been drawn, review is limited to the applicable issues of law (MCLA § 413.12).

2. WORKMEN'S COMPENSATION—PARTIAL DISABILITY—REDUCED EARNING CAPACITY.

Purpose of the partial disability payment provision of the Workmen's Compensation Act is to compensate an injured employee for his reduced earning capacity; if an injury does not reduce an employee's earning capacity, the employee is not entitled to compensation (MCLA § 418.361).

3. WORKMEN'S COMPENSATION—PARTIAL DISABILITY—REDUCED EARNINGS.

The fact that a workmen's compensation claimant earns less after an injury than the average weekly wage he earned before his injury does not alone establish his right to compensation for partial incapacity; the right to compensation is tested by the employee's ability to work and to earn wages in the same class of employment; the burden of establishing his disability is on the claimant (MCLA § 418.361).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530 et seq.
[2-4] 58 Am Jur, Workmen's Compensation § 308 et seq.

4. WORKMEN'S COMPENSATION—PARTIAL DISABILITY—REDUCED EARN-
INGS.

> Workmen's compensation claimant was not entitled to partial
> disability benefits for reduced wages after suffering a com-
> pensable injury where the reduced earnings were caused by his
> employer's changing from a 12-hour shift to an 8-hour shift
> and hiring another employee, the changes were not made to ac-
> commodate the claimant, all employees had reduced earnings,
> and the claimant would have been in the same economic posi-
> tion he was in after the injury even if he had not been in-
> jured (MCLA § 418.361).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 May 7, 1971, at De-
troit. (Docket No. 9833.) Decided June 23, 1971.
Leave to appeal denied, 386 Mich 751.

Leon Benefield presented his claim for workmen's
compensation benefits against W. R. Grace Com-
pany and Maryland Casualty Company. Partial dis-
ability payments denied by Workmen's Compensa-
tion Appeal Board. Plaintiff appeals. Affirmed.

*Dice, Sweeney & Sullivan,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for defend-
ants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and T. M. BURNS, JJ.

J. H. GILLIS, J. Plaintiff Leon Benefield, an
employee of defendant, W. R. Grace Company, ap-
peals upon leave granted from the decision of the
Workmen's Compensation Appeal Board reversing
the hearing referee's award of partial disability
payments.

As a prelude to our discussion of the merits of
this appeal, we reiterate the limited function our
review serves in the workmen's compensation area.

The findings of fact made by the referee and appeal board, in the absence of fraud, are conclusive. MCLA § 413.12 (Stat Ann 1968 Rev § 17.186).[1] Unless it is shown that inferences contrary to undisputed evidence have been drawn, we limit our review of the proceedings to the applicable issues of law. *White* v. *Revere Copper & Brass, Inc.* (1970), 383 Mich 457.

Plaintiff is a stationary engineer employed by the W. R. Grace Company to operate turbines and related boiler and pump equipment used in processing sulphur. On December 17, 1966, he fell from a ladder while inspecting valves on an absorption tower and sustained fractures of both arms. Defendants paid compensation during the hospitalization period and while plaintiff was unable to work. In April, 1967, plaintiff returned to his job, and, with the exception of another period of hospitalization in August and September of that year, had worked continuously, *at the same rate of pay,* until the hearing before the referee on September 18, 1968.

The purpose of the hearing was to determine whether plaintiff was entitled to additional compensation for partial incapacity. Prior to his injury, plaintiff and two other engineers worked five 12-hour shifts, rested for two days, and then resumed the shift on an alternating basis. For this 60-hour work week, plaintiff received an average weekly wage, including overtime, of $265. Plaintiff contends that the residual weakness of his arms affected his wage earning capacity because he could not open and shut the heavy valves on the machin-

---

[1] References are to statutes in effect at the time of plaintiff's injury and the ensuing proceedings. Similar provisions are embodied in the Workmen's Compensation Act of 1969. MCLA § 418.101 *et seq.* (Stat Ann 1971 Cum Supp § 17.237[101] *et seq.*); see MCLA § 418.861 (Stat Ann 1971 Cum Supp § 17.237[861]).

ery, required a helper to assist him in his work, and found it more difficult to work twelve hours a day. The record shows plaintiff received substantially less pay after the accident than his prior average weekly wage. Defendants maintain that plaintiff's wage loss is due to a shift change to 8-hour work days, which resulted in a reduction of overtime pay of *all* employees made possible by the addition of a fourth engineer to the staff.

All parties agree that plaintiff sustained compensable injuries, and suffered residuals therefrom. The issue is whether plaintiff's wage loss is due to partial incapacity.

Plaintiff's claim of recovery for partial incapacity must fall under MCLA § 412.10 (Stat Ann 1968 Rev § 17.160)[2] which provided, in part:

"While the incapacity for work resulting from the injury is partial, the employer shall pay  *  *  *  to the injured employee a weekly compensation equal to 66-2/3% of the difference between his average weekly wages before the injury and the average weekly wages *which he is able to earn thereafter*  *  *  * ." (Emphasis supplied.)

The object of this provision is to compensate an injured employee for his reduced earning capacity; if an injury does not reduce earning capacity, he is not entitled to compensation. The fact that after the injury plaintiff earned less than the average weekly wage prior to the injury does not alone establish his right to compensation. That right is tested by plaintiff's ability to work and earn wages in the same class of employment. *Leitz* v. *Labadie* (1924), 229 Mich 381. The burden of establishing the disa-

---

[2] The present provision retains the quoted language. See MCLA § 418.361 (Stat Ann 1971 Cum Supp § 17.237[361]).

bility is upon the plaintiff. *Woodcock* v. *Dodge Brothers* (1921), 213 Mich 233.

The opinion of the majority of the appeal board was that plaintiff did not meet his burden of proving the wage loss to be attributable to the injuries sustained. The record supports such a finding of fact. On occasion, when one of the engineers is absent, the others are required to fill in by resuming the 12-hour shift. Plaintiff has assumed that responsibility as the occasion demands. There is no showing that the addition of the fourth engineer and the resulting change in work hours was an accommodation for plaintiff. The inference implicit in the appeal board's ruling was that if plaintiff had not been injured, he would still have been in the same economic position he was in after the accident, which he shared with his co-workers. See *Trask* v. *Modern Pattern & Machine Co.* (1923), 222 Mich 692. Plaintiff testified at the hearing that prior to that time he had resumed working the overtime shift. The general complaint that it is harder to work 12 hours per day than 8 does not mandate reversal of the appeal board's ruling that plaintiff's wage earning capacity was not impaired.

Affirmed. Costs to appellees.

All concurred.