MORGAN v FREEDMAN ARTCRAFT

Docket No. 59363. Decided August 29, 1977. On application by the
plaintiff for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decision of the Court of
Appeals.

Edward J. Morgan was awarded workmen's compensation bene-
fits against his employer, Freedman Artcraft, and its insurer,
American Mutual Liability Company. The first award ended on
June 7, 1971, and the plaintiff was awarded further benefits for
the period June 8, 1971 through September 18, 1972. The
Workmen's Compensation Appeal Board reversed the second
award on the ground that the first award was res judicata and
that there was no proof of a change in the plaintiff's physical
condition between the first hearing and the second hearing.
The Court of Appeals, Beasley, P. J., and R. B. Burns and J. H.
Gillis, JJ., affirmed in a per curiam opinion (Docket No. 25487).
Plaintiff applies for leave to appeal. *Held:*

The issues at the second hearing were whether the plaintiff
was disabled and the effect of his declining of an apparent offer
of favored work. The evidence available to the referee prior to
his first decision was incomplete on these issues but was
introduced at the second hearing and led the referee to con-
clude that the claimant was entitled to an additional award.
The decision of the Court of Appeals is reversed and the case
remanded to the Workmen's Compensation Appeal Board for
further consideration on the merits.

Reversed and remanded.

*McCroskey, Libner, Van Leuven, Kortering, Co-
chrane & Brock, P. C.* (by *Robert O. Chessman)* for
plaintiff.

*Cholette, Perkins & Buchanan* (by *Sherman H.
Cone)* for defendants.

PER CURIAM. Plaintiff was injured in an accident
involving a forklift truck on June 16, 1970. He

sought worker's disability benefits and a referee, on November 11, 1971, awarded benefits which ended on June 7, 1971. A new petition for benefits was filed by plaintiff on September 28, 1972. A new hearing was conducted, and the referee, on June 22, 1973, awarded further benefits for the period of June 8, 1971 through September 18, 1972.

Counsel for the defense sought a review of the referee's June 22, 1973, award. The Workmen's Compensation Appeal Board (WCAB) reversed that award on the basis of an application of the principle of res judicata. In the WCAB opinion it was said:

"The operative fact is that we have a final decision that plaintiff is able to return to work, based upon (in part) plaintiff's expressed willingness to try to work and (in part) on a doctor's deposition that plaintiff was able to perform lifting up to 60 pounds. Such work was offered. The earlier decision is res judicata, and absent any proofs regarding change in physical condition the referee was precluded from making an additional award. The issue in the 1973 hearing had been litigated in 1971 hearing *(Hebert v Ford Motor Co,* 285 Mich 607 [281 NW 374 (1938)], and *White v Michigan Consolidated Gas Co,* 352 Mich 201 [89 NW2d 439 (1958)]). The decision of the referee is reversed, and further benefits denied."

We disagree with the WCAB's application of res judicata in this case. We perceive the issue at the second hearing before the referee to have been twofold: whether claimant was disabled, and the significance and effect of plaintiff's declining of an apparent offer of favored work. The evidence available to the referee prior to his first decision was incomplete on these issues. Evidence at the second hearing, considered on its merits, led the referee

to conclude that claimant should receive a second award.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the Court of Appeals decision of January 18, 1977, and remand the case to the WCAB for consideration, on the merits of the evidence and without invoking res judicata, of the questions whether plaintiff was disabled in the period of June 8, 1971, through September 18, 1972, and whether plaintiff improperly refused favored work during that period of time.

This Court does not retain jurisdiction.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.