SANDERS v GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—RIGHTS TO COMPENSATION—EFFECTIVE LAW—DATE OF INJURY.

An injured worker's rights to workmen's compensation are determined under the law in effect on the date of injury, absent a clear legislative expression of contrary intent.

2. WORKMEN'S COMPENSATION—RES JUDICATA.

The doctrine of res judicata is applicable to workmen's compensation proceedings.

3. WORKMEN'S COMPENSATION—INTERPRETATION OF STATUTES—INTENT OF LEGISLATION—BASIS FOR DETERMINATION.

The Workmen's Compensation Appeal Board should adopt an interpretation of a hearing referee's decision favorable to an injured worker in order to effect the underlying intent of the workmen's compensation legislation where there are two possible interpretations of the decision and where there is no other basis for determination of whether the worker should or should not receive a continuation of disability benefits.

Appeal from Workmen's Compensation Appeal Board. Submitted October 12, 1977, at Lansing. (Docket No. 31376.) Decided December 6, 1977. Leave to appeal applied for.

Claim by Louise E. Sanders against General Motors Corporation, Oldsmobile Division, and the Second Injury Fund for workmen's compensation. Compensation granted, and benefits were paid for several years. Upon expiration of benefits, plaintiff petitioned for a renewal of benefits, requesting a finding of total and permanent disability. The administrative law judge found that plaintiff was totally and permanently disabled and entitled to

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 382.
[2] 82 Am Jur 2d, Workmen's Compensation § 584.
[3] 81 Am Jur 2d, Workmen's Compensation § 27 *et seq.*

further benefits. Defendants appealed to the Workmen's Compensation Appeal Board, which reversed the administrative law judge. Plaintiff appeals. Order vacated and cause remanded to the Workmen's Compensation Appeal Board.

*Bennett, Vilella & Mitchell,* for plaintiff.

*Richard J. Anderson,* for defendant General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General for Second Injury Fund.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

ALLEN, J. Plaintiff appeals a ruling of the Workmen's Compensation Appeal Board (WCAB) that an earlier Workmen's Compensation Bureau (Bureau) determination that she was not totally and permanently disabled[1] bars a renewed claim by the plaintiff unless she can show that her condition has changed for the worse since the first determination. We must decide whether the WCAB has properly applied the doctrine of res judicata in this instance.

The plaintiff injured her back in 1960, but continued working until 1963, at which point her back

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] We here refer to "total and permanent disability" as specially defined in the former 1948 CL 412.10(b)(7), since repealed and replaced by MCLA 418.361(2)(g); MSA 17.237(361)(2)(g). A person may have a "total and permanent disability" within the meaning of the statute even though she is neither totally disabled nor permanently disabled in fact. Conversely, a person may be both totally disabled and permanently disabled in fact and still be found not to have a "total and permanent disability" within the meaning of the statute.

condition degenerated to the extent that she could no longer work. The defendant voluntarily paid benefits for several years, and the plaintiff underwent extensive treatment and multiple surgical procedures.

In 1967, she filed a petition for workers' compensation benefits, requesting a ruling that she was totally and permanently disabled as that term was defined in the former 1948 CL 412.10(b)(7).[2] The equivalent current provision is found in MCLA 418.361(2)(g); MSA 17.236(361)(2)(g). The hearing referee determined that the plaintiff was totally disabled and entitled to some benefits, but concluded that she did not have a "total and permanent disability" as defined by the cited statute.

The statute in effect at the time of the plaintiff's injury limited benefits for total disability to 500 weeks. 1948 CL 412.9(a) [since repealed and replaced by MCLA 418.351(1); MSA 17.237(351)(1)]. This limit did not apply to persons found to have a "total and permanent disability". The 500-week limitation was removed by 1965 PA 44, but it nevertheless applied to the plaintiff's case because —absent a clear legislative expression of contrary intent—compensation rights are determined under the law in effect on the date of injury. *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967). But *cf. Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959).

When her 500 weeks of compensation benefits expired late in 1972, the plaintiff filed a new petition, again requesting a finding of "total and permanent disability". The administrative law judge ruled on September 30, 1974, that the plain-

---

[2] "Total and permanent disability * * * means:

* * *

"(7) Permanent and total loss of industrial use of both legs * * * ."

tiff was "totally and permanently disabled" and was entitled to further benefits.

The defendants appealed this decision to the WCAB which reversed the administrative law judge in an opinion which may be summarized by the following quotation.

"Defendants raise the doctrine of res judicata alleging that the issue of total and permanent disability was litigated in 1968 and absent a change in the plaintiff's physical condition, the issue may not be relitigated. There is no question that defendants are correct in their interpretation of res judicata in workmen's compensation cases."

The WCAB went on to find that the plaintiff's condition had not changed. It therefore reversed the administrative law judge and held that the plaintiff was not entitled to further benefits.

We hold that the WCAB misapplied the doctrine of res judicata in this instance. We therefore remand this case to the WCAB for reconsideration in light of the principles set forth below.

The doctrine of res judicata does apply to workers' compensation proceedings. *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975). But *Hlady,* the present case, and the just released *Morgan v Freedman Artcraft,* 401 Mich 54; 257 NW2d 85 (1977), amply demonstrate that application of the doctrine in this context is extremely difficult.[3]

Assuming, *arguendo,* that the plaintiff's condi-

---

[3] The *Morgan* decision held that a redetermination of the plaintiff's compensation entitlement was not barred by res judicata because "[t]he evidence available to the referee prior to his first decision was incomplete on these issues". 401 Mich at 55. That ruling was made without citation of authority so it is not clear whether the Supreme Court is devising a new "incomplete evidence" exception to the res judicata doctrine. We have reached our decision in the present case without reliance upon *Morgan.*

tion has not changed since the date of her first hearing, and assuming a proper application of the doctrine of res judicata, she may, nevertheless, still be entitled to benefits for "total and permanent disability".

For example, it is possible that the referee who entered the first award in 1968 found that the plaintiff was then suffering a total loss of industrial use of her legs but that it was impossible at that time to determine whether or not the loss was permanent. A premature determination of permanancy would have been unwise and unfair to the defendants since it would have created an 800-week conclusive presumption of "total and permanent disability" and required the defendants to pay benefits for that period even if the plaintiff completely recovered from her disability at an earlier date. *Hlady v Wolverine Bolt Co, supra,* notes that the prior determination is "conclusive of all matters adjudicable at that time".[4] 393 Mich at 376. In this context, the question of permanancy may not have been adjudicable at the time of the 1968 hearing. The fact that the disability continued through 1972 would be further evidence of permanency and might permit a finding at that time that the loss of industrial use of the plaintiff's legs was, in fact, permanent and that she was, therefore, entitled to a finding of "total and permanent disability".[5]

---

[4] A hearing on date X can adjudicate only the plaintiff's condition on that date and prior to that date. It cannot adjudicate her condition on dated X + 1, X + 2 * * * X + n. A new petition might be filed at a later date and a determination of her condition on that later date would be required. If no change in condition is found, that closes several avenues of recovery, but it will not always be a complete bar to recovery—as the present case demonstrates.

[5] 1948 CL 412.10(b)(7) states that permanency is to be determined "not less than 30 days before the expiration of 500 weeks from the date of injury". If that phrase means *not sooner than* [496 weeks after injury] res judicata would not be a problem to the plaintiff. However,

We have so far proceeded on the assumption that the referee found in 1968 that the plaintiff had totally lost the industrial use of her legs but it was too soon to decide whether that loss was permanent. However, given the cursory nature of the referee's decision and the fact that neither party appealed that decision, at least one other possible interpretation of that decision must be discussed.

Whether or not the referee believed that the plaintiff's condition was permanent, he may have found no "total and permanent disability" because he found no "loss of industrial use of both legs". While the statutory phrase has remained the same, the case law interpretation of that phrase has undergone a considerable evolution beginning shortly after the plaintiff's 1960 injury date. *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963), *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970), *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974). Today it is clear that a back injury which prevents use of the legs qualifies as a "loss of industrial use of both legs". But, at the time of the plaintiff's injury and her first hearing, that interpretation had not yet clearly emerged. If the referee found no "total and permanent disability" because he thought that a back injury could not be a "loss of industrial use of both legs", then the plaintiff may,[6] in fact, not

read carefully, the phrase seems to say *not later than* [496 weeks after injury]. Therefore, we do not rely upon this provision.

[6] We have not attempted to resolve this question at this time. There are important differences between this case and *Hlady.* This plaintiff had very little incentive to appeal the 1968 determination because it did award her benefits for up to 500 weeks. She did renew the fight as soon as the earlier ruling began to cost her money, *i.e.,* when the 500 weeks ran out. By contrast, Hlady waited without benefits for many years before reentering the courts when the law had changed to her advantage.

be able to recover unless her condition changes for the worse. This is because *Hlady v Wolverine Bolt Co* seems to say that her failure to appeal that earlier adverse finding means that she cannot now take advantage of *Paulson, Lockwood* and *Burke.*

As explained above, significant consequences follow from a choice of interpretations of the 1968 referee's decision. If that decision is read as merely deferring a determination of the permanency of the plaintiff's injury, there is a very good chance that she will now recover full benefits for "total and permanent disability". On the other hand, if the referee found in 1968 that she had not suffered a "loss of industrial use of both legs", then the plaintiff still faces considerable obstacles to a recovery.

From the present record, we are unable to choose between the two possible interpretations. If, on remand to the WCAB, a choice is still impossible, we believe that the WCAB should adopt the first interpretation and proceed accordingly. Absent any other basis for determination, the WCAB should adopt the interpretation favorable to the plaintiff in order to effectuate the underlying intent of the workers' compensation legislation. *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960).

The order of the WCAB is vacated and the cause is remanded to the WCAB for further proceedings consistent with this opinion.