PAGE v ASPLUNDH TREE EXPERT CO

Docket No. 78-1940. Submitted April 16, 1979, at Detroit.—Decided July 23, 1979.

Plaintiff, Jack L. Page, sustained an injury while working for defendant Asplundh Tree Expert Co. Asplundh's workmen's compensation carrier voluntarily paid plaintiff workmen's compensation benefits for the statutory maximum of 500 weeks. After that, plaintiff's wife filed a petition for hearing with the Bureau of Workmen's Compensation on plaintiff's behalf alleging irreparable damage to a vertebrae, weakness of arm, back, neck and legs, and spinal bloodclot, nerve root compression, drug addiction and feeblemindedness or imbecility. A hearing was held and benefits were denied for failure to show total and permanent disability. Plaintiff's wife appealed this decision for him and the appeal was dismissed for failure to submit a transcript of the hearing. Plaintiff, through legal counsel, then filed a new petition for hearing with the bureau, alleging loss of "industrial use of both legs", "traumatic shock with onset of psychogenic dysfunction" and "total permanent disability". The administrative law judge granted a motion to dismiss made by Asplundh's insurer and defendant Second Injury Fund. The Workmen's Compensation Appeal Board affirmed, finding: that the allegation of loss of industrial use of both legs was determined in the first hearing and a finding of worsened condition would not avoid the statutory time limitation; and, that "traumatic shock with onset of psychogenic dysfunction" did not allege entitlement to total and permanent disability benefits on the statutory basis of incurable insanity or imbecility. Plaintiff appeals by leave granted. *Held:*

1. Plaintiff's psychogenic dysfunction claim, while not in the words of the statute, should have been enough to alert those

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 301, 302.

[2, 3] 82 Am Jur 2d, Workmen's Compensation § 584.

Matters concluded, in action at law to recover for the same injury, by decision or finding made in workmen's compensation proceeding. 84 ALR2d 1036.

involved that plaintiff was claiming total and permanent disability due to either incurable insanity or imbecility.

2. In worker's compensation cases, the doctrine of res judicata applies only to issues of fact or law actually at issue and decided in prior proceedings. Dismissal by the appeal board because of res judicata was premature when there was no transcript to determine what factual issues were actually decided in the prior proceeding.

Reversed in part and remanded with instructions.

J. H. GILLIS, J., dissented. He would hold that: plaintiff's first petition alleged leg, arm and back problems and imbecility and that his second petition alleged leg problems and imbecility; after hearing, the referee dismissed plaintiff's first petition for failure to sustain his burden of proof; the dismissal was a final adjudication of plaintiff's physical condition at that time; and, plaintiff should be precluded from subsequently raising those issues absent a change of condition. He agreed that the leg claim is barred by the statute of limitations even in the event of a change of condition, but would hold that the case be remanded to afford the plaintiff an opportunity to show a change of condition with respect to the psychiatric claim.

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — TOTAL AND PERMANENT DISABILITY — INCURABLE INSANITY OR IMBECILITY.

An allegation in a worker's disability compensation petition for hearing that the claimant suffered from "traumatic shock with onset of psychogenic dysfunction; total permanent disability" is sufficient to alert those involved that the claimant is claiming total and permanent disability due to either incurable insanity or imbecility.

2. WORKMEN'S COMPENSATION — RES JUDICATA.

The doctrine of res judicata applies to worker's disability compensation cases where the precise issue of fact or law has been at issue and decided in prior proceedings; it is impossible to determine whether res judicata applies to a worker's disability compensation case without a record and transcript of the prior proceedings to determine what factual issues were actually litigated and determined and what legal issues were, therefore, necessarily resolved.

### DISSENT BY J. H. GILLIS, J.

3. WORKMEN'S COMPENSATION — RES JUDICATA.

*Res judicata applies to a petition for worker's disability compen-*

sation benefits alleging total and permanent disability, absent a showing of change of condition, where a prior petition alleged the same total and permanent disability and where the hearing referee dismissed the petition for failure to meet the burden of proof of total and permanent disability.

*Rosenbaum, Bloom, Kaufman, Appel & Moses* (by *Lawrence A. Meyerson),* for plaintiff.

*Lacey & Jones* (by *John L. Salter),* for defendant Asplundh Tree Expert Company and Aetna Casualty and Surety Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Morris Zack,* Assistant Attorney General, for defendant Second Injury Fund.

Before: DANHOF, C.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals from a Workmen's Compensation Appeal Board opinion and order of April 20, 1978, which affirmed an administrative law judge's dismissal of plaintiff's second petition for a determination of total and permanent disability on the basis of res judicata. We granted leave to appeal on August 25, 1978.

Plaintiff sustained a hip injury on March 17, 1959, while he was working for Asplundh Tree Expert Co. Aetna Casualty and Surety, Asplundh's worker's compensation insurance carrier, voluntarily paid compensation for the statutory maximum of 500 weeks. The 500-week period expired on January 9, 1969.

In February of 1970, plaintiff's wife filed a petition for hearing on plaintiff's behalf. The petition alleged the following disabilities:

"4th Vertibrae damaged beyond repair. Arms Back neck legs shows marked weakness. Bloodclot on spinal cord; nerve root compression; imbecility or feeble minded; Drug addiction."

A hearing on this petition was held on August 4 and 5, 1971. Plaintiff acted without legal counsel and benefits were denied because:

"* * * plaintiff has failed to sustain the burden of proof to show that he is totally and permanently disabled within the meaning of that term as used in the Workmen's Compensation Act."

On January 3, 1972, plaintiff, again acting through his wife and without the benefit of legal counsel, appealed this hearing referee's decision to the Workmen's Compensation Appeal Board. The board dismissed plaintiff's appeal on March 30, 1972, for failure to provide a transcript of the proceedings before the hearing referee.

On January 28, 1976, plaintiff, through legal counsel, filed a new petition for hearing. This petition alleged disability in part as follows:

"* * * loss of industrial use of both legs; traumatic shock with onset of psychogenic dysfunction; total permanent disability".

This matter was set for a hearing before Administrative Law Judge Frank Condino on February 14, 1977. At this hearing, defendant Aetna Casualty and Surety moved to dismiss plaintiff's claim on the basis of res judicata. The Second Injury Fund joined in this motion. By a decision mailed February 17, 1977, Judge Condino granted defendant's motion to dismiss, indicating in pertinent part:

"I am bound to administer the law, in particular, the Workmen's Compensation Act. So, I will grant Defendant's Motion to Dismiss, based on the matter having been fully tried and the matter being Res Judicata [sic]."

Plaintiff appealed this dismissal to the Workmen's Compensation Appeal Board on February 17, 1977. The board, by a majority vote of 3 to 2, affirmed the dismissal on April 20, 1978, stating in part:

"Plaintiff appeals the dismissal of his petition seeking total and permanent disability benefits. The subject matter of his petition having already been litigated to a conclusion and final order, the decision (dismissal) is affirmed."

The appeal board majority rejected plaintiff's loss of industrial use of both legs claim after determining that the 1971 hearing decided that issue and a subsequent finding of worsened condition would not avoid the time limit established by MCL 418.361(2)(g); MSA 17.237(361)(2)(g).

The majority rejected plaintiff's psychogenic dysfunction claim after determining that the language used did not allege entitlement to total and permanent disability on the basis of incurable insanity or imbecility under MCL 418.361(2)(f); MSA 17.237(361)(2)(f).

We are faced with two issues on appeal. First, whether the appeal board erred in affirming the dismissal of plaintiff's claim for total and permanent disability based on loss of industrial use of both legs. Second, whether the appeal board erred in affirming the dismissal of plaintiff's psychogenic dysfunction claim.

We note at the outset that plaintiff's psycho-

genic dysfunction claim, while not couched in the words of the statute, should have been enough to alert all those involved that the plaintiff was claiming total and permanent disability due to the psychological condition of either incurable insanity or imbecility. Consequently, the appeal board's reason for upholding the dismissal of this claim must be rejected.

At this point, however, we become stymied. In general, res judicata applies not only to issues which were determined on the merits but also to matters which the parties had the opportunity to present for adjudication on the merits. *Stokes v Lakey Foundry Corp,* 20 Mich App 217, 219; 173 NW2d 832 (1969), and cases cited therein. But in worker's compensation cases, res judicata applies only where the precise issue of fact or law under consideration in one case was at issue and decided in prior proceedings. *White v Michigan Consolidated Gas Co,* 352 Mich 201, 211; 89 NW2d 439 (1958), *Stokes, supra,* and see *Hlady v Wolverine Bolt Co,* 393 Mich 368, 376; 224 NW2d 856 (1975).

Further, when the appeal board reviews the decision of an administrative law judge, that review is *de novo. Fawley v Doehler-Jarvis Division of National Lead Co,* 342 Mich 100; 68 NW2d 768 (1955). Accordingly, a determination that a given case is barred by res judicata must also be reviewed *de novo.* The board must determine what the first hearing actually resolved and then compare those determinations with the plaintiff's claims in the subsequent case.

The problem here lies in determining just what was at issue and decided in the 1971 hearing. The 1970 petition for benefits was inartfully drafted and alleged a mishmash of disabilities. The hearing referee denied benefits for the general reason

that plaintiff failed to show that he was "totally and permanently disabled within the meaning of that term as used in the Workmen's Compensation Act". And while plaintiff appealed the referee's findings, the appeal was dismissed because the plaintiff failed to provide the appeal board with a transcript of the proceedings before the hearing referee. The appeal board apparently has still not seen the transcript of the 1971 hearing. We echo the words of appeal board member Marshall, who dissented from the majority opinion of the appeal board in this case:

"In a fundamental sense we just do not really *know* (at least without the record and transcript of the prior proceedings) exactly what has been adjudicated and determined; that is, precisely what crucial *factual* issues were *actually* litigated and determined, and, therefore what legal issues were *necessarily* resolved." (Emphasis in original.)

Under these circumstances, the application of res judicata principles to the present case was premature at best. See generally, *Morgan v Freedman Artcraft,* 401 Mich 54; 257 NW2d 85 (1977), and *Sanders v General Motors Corp,* 80 Mich App 190; 263 NW2d 329 (1977), *lv gtd* 402 Mich 950i (1978). Accordingly, the matter must be remanded to the Workmen's Compensation Appeal Board for a determination of what was at issue and decided in the 1971 hearing. After making that determination the board should reexamine this case in light of the above mentioned cases. If there is not enough information available to determine what was at issue and actually decided in the 1971 hearing, res judicata does not bar plaintiff's claims and he is entitled to a hearing.

Reversed in part and remanded for proceedings

consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

DANHOF, C.J., concurred.

J. H. GILLIS, J. *(dissenting).* The facts are accurately set forth in Judge KAUFMAN'S opinion. At the time of plaintiff's injury, compensation benefits for a general disability were payable for only 500 weeks. In order to qualify for additional benefits, it was incumbent upon plaintiff to show that he was totally and permanently disabled within the meaning of § 361 of the Worker's Disability Compensation Act.

"Total and permanent" is a term of art in Michigan and is defined to mean any of the following conditions:

"(a) Total and permament loss of sight of both eyes.

"(b) Loss of both legs or both feet at or above the ankle.

"(c) Loss of both arms or both hands at or above the wrist.

"(d) Loss of any 2 of the members or faculties enumerated in (a), (b) or (c).

"(e) Permanent and complete paralysis of both legs or both arms or of 1 leg and 1 arm.

"(f) Incurable insanity or imbecility.

"(g) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subdivision such permanency shall be determined not less than 30 days before the expiration of 500 weeks from the date of injury." MCL 418.361; MSA 17.237(361).

In the instant case plaintiff's petition of February, 1970, alleged back, arm and leg problems as well as imbecility. Thus, it would appear that he

may have been able to qualify for total and permanent disability benefits under subsections (e), (f) or (g), *supra.* Even from the incomplete record before us, we can determine that the evidence submitted to the hearing referee consisted of plaintiff's testimony and medical evidence relating to plaintiff's psychiatric problems as well as his back, leg and arm complaints. Benefits were denied because plaintiff failed to sustain the burden of proving he was totally and permanently disabled.

Plaintiff's second petition alleged industrial loss of use of the legs and psychiatric problems. Thus, it is evident that plaintiff was, for the second time, attempting to obtain benefits under subsections (f) and (g). Under these circumstances it was not error to apply the doctrine of res judicata to this case. The same issues had in fact been previously raised, litigated and decided. The hearing referee's decision constituted a final adjudication of plaintiff's physical condition as of that time. *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975).

Moreover, even if plaintiff raised only one of the statutory bases for a finding of total and permanent disability, *i.e.,* incurable insanity or imbecility, and failed to raise any of the others, I believe he should be precluded from subsequently raising such issues absent a showing of change of condition. In *Hlady, supra,* 376, the Court indicated that a decision in a worker's compensation case is "conclusive of all matters adjudicable at that time". Here, it can certainly be said that the question of whether plaintiff was totally and permanently disabled, on whatever basis, was adjudicable at the time of the November, 1971, decision. Since the burden of proof is on the claimant to prove his disability, *Benefield v W R Grace Co,* 34

Mich App 442; 191 NW2d 567 (1971), his failure to meet this burden is necessarily a determination that as of the time of the decision he was not totally and permanently disabled.

To hold otherwise would allow a party to try his case in a piecemeal fashion, first attempting to qualify under one subsection of § 361 and, if unsuccessful, trying again under each remaining subsection until every possibility is exhausted. Such a result would be totally unnecessary since there is no reason why a party could not present proofs on any or all of the statutory criteria at a single hearing.

This writer is not unaware that there are cases which hold that in worker's compensation cases unless the precise issue was litigated and decided the matter is not res judicata. See, *e.g., Stokes v Lakey Foundry Corp,* 20 Mich App 217; 173 NW2d 832 (1969), *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958). However, *Hlady, supra,* indicates that that rule does not have universal application even in the area of workers' compensation. Moreover, there is no compelling reason why the doctrine of res judicata should not bar a party who has applied for total and permanent disability benefits and failed to sustain his burden of proof from relitigating that issue.

Of course, this would not preclude the claimant from alleging a change in his condition such that he is currently totally and permanently disabled. I agree with Judge KAUFMAN's opinion that plaintiff's 1976 petition was sufficient to alert those involved that plaintiff was alleging incurable insanity or imbecility. Therefore, I would remand the case to allow plaintiff to pursue this claim.

However, as noted by the majority of the appeal

board, a change of condition with respect to the leg claim would not entitle plaintiff to benefits because of the time limits of § 361(g) and the fact that the 1971 decision precludes relitigation of the issue.

I would affirm the appeal board's determination that res judicata applies to this case but remand to allow plaintiff to show a change in condition with respect to the psychiatric claim.