PAGE v ASPLUNDH TREE EXPERT COMPANY

Docket Nos. 100041, 100068. Submitted May 12, 1988, at Detroit. Decided November 7, 1988.

Jack Lawrence Page sustained an injury in 1959 while working for Asplundh Tree Expert Company. Aetna Casualty & Surety Company, Asplundh's workers' compensation insurer, voluntarily paid five hundred weeks of benefits, which ended in January, 1969. In February, 1970, Page petitioned the Bureau of Workers' Disability Compensation for a hearing, alleging disabilities which included imbecility. In 1971, a hearing referee of the bureau determined that plaintiff had failed to sustain his burden of showing that he was totally and permanently disabled. The Workers' Compensation Appeal Board dismissed plaintiff's appeal in 1972 on the basis of plaintiff's failure to provide a transcript of the 1971 hearing. In 1976, plaintiff filed a new petition with the bureau, alleging loss of the industrial use of both legs, traumatic shock with onset of psychogenic dysfunction and total, permanent disability. A hearing referee granted a motion to dismiss made by Aetna and the Second Injury Fund. The referee concluded that the matter had been fully tried previously and that the petition was therefore barred by res judicata. The WCAB affirmed the referee's decision. On appeal, the Court of Appeals held that the application of res judicata was premature and remanded the case to the WCAB for a determination of what was at issue in the 1971 hearing. 91 Mich App 408 (1979). The WCAB subsequently determined that only the issues of plaintiff's alleged imbecility and loss of the industrial use of his legs were litigated at the 1971 hearing. The WCAB concluded that there had been no decision with respect to the issue of plaintiff's insanity and remanded the case to the bureau, deciding that res judicata did not apply. Following hearings in 1982, a referee found that plaintiff had failed to sustain his burden of proof regarding the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 301, 344, 598-603, 630-642.
Mental disorders as compensable under workmen's Compensation acts. 97 ALR3d 161.
See the Index to Annotations under Worker's Compensation.

loss of the industrial use of his legs, imbecility or insanity. On appeal, the WCAB reversed the referee's decision, finding plaintiff to be totally and permanently disabled as of ·January 29, 1970, on account of incurable insanity. Both the Second Injury Fund and Asplundh, along with Aetna, were granted leave to appeal.

The Court of Appeals consolidated the appeals and *held:*

1. The WCAB correctly determined that plaintiff's insanity claim was not barred by res judicata on the basis of the failure to raise the claim in 1971. This Court's holding in its prior opinion, that in workers' compensation cases res judicata applies only where the precise issue of fact or law under consideration was at issue and decided in a prior proceeding, constitutes the law of the case. The WCAB properly refused to apply the broad rule of res judicata, which the Supreme Court adopted in another case subsequent to this Court's remand but prior to the WCAB's final decision in this case, that res judicata bars a second claim for workers' compensation if the second claim arises out of the same transaction and the claimant could have brought the claim in the first proceeding, but did not.

2. The WCAB erred in concluding that defendants, by not seeking an appeal from the WCAB's 1980 opinion, were precluded from challenging the WCAB's use in 1987 of evidence presented at the 1971 hearing to conclude that plaintiff suffers from incurable insanity. The WCAB's 1980 opinion was issued in conjunction with a remand order and was not a final order from which an appeal could have been taken. A remand is necessary for a determination of whether plaintiff, following the 1980 remand, submitted sufficient proofs to sustain his claim of incurable insanity.

3. The WCAB did not err in determining that plaintiff's wife was a dependent of the plaintiff.

4. Plaintiff's current claim for workers' compensation benefits is not subject to the one-year-back rule since it involves a different disability than the one for which he previously received benefits.

Reversed and remanded.

1. WORKERS' COMPENSATION — APPEAL — SCOPE OF REVIEW.

Review by the Court of Appeals of a decision of the Workers' Compensation Appeal Board is limited to questions of law and, in the absence of fraud, is restricted to whether there is any competent evidence to support the findings of the appeal board.

2. APPEAL — LAW OF THE CASE.

If an appellate court has passed on a legal question and re-

manded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.

3. WORKERS' COMPENSATION — INSANITY.

A worker's mental illness is "insanity" under the Workers' Disability Compensation Act if he suffers from a severe social dysfunction; a severe social dysfunction is one that affects the quality of the worker's personal, nonvocational life and significant activity comparable to the loss of two members or sight of both eyes, and is incurable if it is unlikely that normal functioning can be restored.

4. WORKERS' COMPENSATION — SECOND INJURY — ONE-YEAR-BACK RULE.

If workers' compensation is paid for a particular disability and subsequently another disability is determined by the Bureau of Workers' Disability Compensation, workers' compensation for the second disability is not "further compensation" subject to the rule which limits the retroactive award of workers' compensation to the year immediately preceding the application for further compensation (MCL 418.833[1]; MSA 17.237[833][1]).

*Rosenbaum, Bloom, Meyerson, Galinsky & Weiner* (by *Lawrence A. Meyerson*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Asplundh Tree Expert Company and Aetna Casualty & Surety Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

Before: McDONALD, P.J., and KELLY and W. F. LaVoy,* JJ.

KELLY, J. In these consolidated cases, both the Second Injury Fund and Asplundh Tree Expert Company, along with its insurer, Aetna Casualty

* Circuit judge, sitting on the Court of Appeals by assignment.

& Surety Company, appeal the decision of the
Workers' Compensation Appeal Board that re-
versed the finding of the hearing referee. The
WCAB concluded that plaintiff was totally and per-
manently disabled on the basis of incurable insan-
ity as of January 29, 1970.

I

The underlying facts of this case are contained
in large part in *Page v Asplundh Tree Expert Co,*
91 Mich App 408; 283 NW2d 758 (1979). Plaintiff
sustained a work-related injury in 1959 while
working for Asplundh. Asplundh's insurer subse-
quently voluntarily paid five hundred weeks of
compensation benefits, which period ended Janu-
ary 9, 1969. Thereafter, in February, 1970, plain-
tiff petitioned for a hearing, alleging disabilities
that included a claim of "imbecility or feeble
minded." At the hearing on this petition in 1971,
the determination was that plaintiff had failed to
sustain his burden of showing that he was totally
and permanently disabled.

In 1972 plaintiff appealed that decision to the
WCAB. However, because plaintiff failed to provide
a transcript of the hearing before the referee, the
WCAB dismissed plaintiff's claim.

Plaintiff filed a new petition in 1976, alleging
disability that included

> loss of industrial use of both legs; traumatic shock
> with onset of psychogenic dysfunction; total per-
> manent disability. [*Id.* at 411.]

The referee granted a motion to dismiss made by
Aetna and the Second Injury Fund, concluding the
matter had been fully tried previously and there-
fore the rule of res judicata applied. On appeal to

the WCAB, the WCAB agreed. Plaintiff's appeal to this Court followed and a panel of this Court found that "the application of res judicata principles to the present case was premature" and remanded to the WCAB "for a determination of what was at issue and decided in the 1971 hearing". *Id.* at 414.

The WCAB subsequently determined that only the issues of plaintiff's alleged imbecility and loss of the industrial use of his legs were litigated at the 1971 hearing. The WCAB concluded that, with regard to the issue of plaintiff's insanity, there was no earlier claim or decision. Therefore, the WCAB decided that the doctrine of res judicata did not apply. The WCAB then remanded this case back to the bureau.

Following hearings in 1982, and the admission of the deposition testimony of medical experts, the referee found that plaintiff had failed to sustain his burden of proof that he suffered from (1) a change in condition that would establish that plaintiff had suffered a loss of the industrial use of his legs, (2) a change in condition that would establish that plaintiff is entitled to total and permanent benefits by reason of imbecility, or (3) incurable insanity, that would entitle plaintiff to total and permanent benefits. However, plaintiff appealed that decision to the WCAB, which reversed the referee and found plaintiff incurably insane as of January 29, 1970.

This decision was based on facts gleaned both from the 1971 hearing and from evidence presented at the hearings held and deposition testimony taken after the WCAB's determination that the issue of plaintiff's insanity had not been litigated in 1971. The decision was also based on the legal conclusion that the law of the case doctrine prevailed over any subsequent decision concerning

a broad application of res judicata in workers' compensation cases.

Defendants appeal this decision of the WCAB by leave granted.

## II

Defendants argue on appeal that where plaintiff became totally and permanently disabled by reason of insanity on January 29, 1970, and therefore could have presented his insanity claim at the first hearing in 1971, the WCAB made an error of law in refusing to apply the doctrine of res judicata as a bar to plaintiff's subsequent claim of insanity. At the time this case was remanded back to the WCAB by this Court, the remand was made in order to determine whether the issue of plaintiff's incurable insanity had been raised or argued at the 1971 hearing.

In this Court's earlier opinion, the panel relied on the narrow interpretation of the res judicata rule that, in workers' compensation cases, "res judicata applies only where the precise issue of fact or law under consideration in one case was at issue and decided in prior proceedings." *Page, supra* at 413. Subsequent to the remand, but prior to the decision of the bureau and final decision of the WCAB here, *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980), was decided by the Supreme Court. In that decision the Supreme Court adopted the broad rule of res judicata for workers' compensation claims. That is: the doctrine of res judicata bars a second claim for compensation if the second claim arises out of the same transaction and the claimant could have brought the claim in the first proceeding, but did not. *Id.* at 160-161. Defendants claim the WCAB made an error of law when it declined to apply

this new rule in its 1987 opinion to the facts of this case.

Review of WCAB decisions is limited to questions of law and, in the absence of fraud, is restricted to whether there is any competent evidence to support the findings of fact. *Gilroy v General Motors Corp,* 166 Mich App 609, 612; 420 NW2d 829 (1987).

Here, defendants urged the WCAB that the broad rule of res judicata should apply, barring plaintiff from raising his claim of incurable insanity. The WCAB was also faced with plaintiff's counter argument that urged application of the law of the case doctrine. That is: since a panel of this Court, after determining that the narrow rule of res judicata applied, remanded to the WCAB to determine whether incurable insanity had been raised or pled in 1971, the law of the case doctrine (that once an appellate court has ruled on a legal question and remanded, that legal question cannot be requestioned or redetermined on a subsequent appeal) prohibited subsequent application of the broad rule of res judicata to these facts.

The WCAB opted to adopt the plaintiff's reasoning, apply the law of the case doctrine, and determine whether plaintiff had stated a claim for benefits based on incurable insanity. This conclusion was reached despite the WCAB's determination that but for the law of the case doctrine "we would find that plaintiff's claims would be barred by res judicata under *Gose, supra,* or the absence of a sufficiently great change of condition [*Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975)]."

It is this legal determination that both defendants challenge. We disagree with defendants' arguments and hold that the WCAB was correct in

applying the law of the case doctrine in declining to adopt the broad rule of res judicata.

In *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981), the rule of law of the case was stated as follows:

> [I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.

In *Bauer v Garden City*, 163 Mich App 562, 569; 414 NW2d 891 (1987), this Court was presented with a problem similar to that presented here. After specifically stating that governmental immunity did not apply, a panel of this Court reversed the trial court's grant of summary judgment on an independent issue (natural accumulation of snow and ice in a city-owned parking lot), and remanded. See *Bauer v Garden City*, 139 Mich App 354; 362 NW2d 280 (1984). *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), was subsequently decided and defendant Garden City moved for summary disposition, claiming governmental immunity. In *Bauer*, despite the fact that this Court termed the earlier determination, that governmental immunity did not apply, obiter dicta (163 Mich App 570), this Court still applied the doctrine of law of the case. On that basis we concluded that defendant was barred from relitigating the issue of governmental immunity. Despite finding its previous statements on the issue obiter dicta, this Court stated that the litigants had an opportunity to argue the issue and have it decided. The *Bauer* Court concluded: "If an issue is properly before this Court, the Court's decision on the question is binding on the lower

court and on any later panels which hear the case, under the doctrine of the law of the case." *Id.* at 571. This conclusion was reached despite the intervening contrary legal conclusion reached by the Supreme Court in *Ross.*

Similarly, here the issue of res judicata was clearly before this Court when this case was first here in 1979. This Court clearly held that the narrow rule of res judicata applied. Neither defendant employer nor defendant Second Injury Fund chose to appeal that decision to the Supreme Court. This Court's decision on the issue of res judicata was then binding on the WCAB and also on this subsequent panel. We therefore reject defendants' claim that the WCAB erred in applying the narrow rule of res judicata, as directed by the earlier reasoning of another panel of this Court, where the facts and litigants remained the same.

III

The next issue raised by defendant Second Injury Fund is that the WCAB erred, as a matter of law, in finding plaintiff totally and permanently disabled by reason of incurable insanity. The fund specifically argues that the record lacks evidence to support this finding. This claim is without merit.

The fund correctly points out that the findings of the WCAB are conclusive if supported by any competent evidence in the record. *Gilroy, supra* at 612. In *Redfern v Sparks-Withington Co,* 403 Mich 63, 85; 268 NW2d 28 (1978), relied on by the fund, the Supreme Court defined incurable insanity, for purposes of being classified as totally and permanently disabled, as a severe social dysfunction. A severe social dysfunction is one that "affects the quality of the worker's personal, nonvocational life

and significant activity comparable to the loss of two members or sight of both eyes, and is incurable if it is unlikely that normal functioning can be restored." *Id.* at 85.

At the hearing, plaintiff presented his own testimony and the depositions of several medical experts. Included in this expert testimony were statements that plaintiff was a "simple schyzophrenic," and that he suffered from "an obvious chronic schyzophrenic reaction." This evidence along with plaintiff's own testimony provided competent evidence to support the WCAB's finding.

On this point, defendant Asplundh also argues that it was error to find plaintiff incurably insane since no findings were made to support a conclusion that plaintiff's insanity was incurable. This claim is also without merit. The WCAB specifically found that the evidence presented was "sufficient to support a finding of incurable insanity."

IV

Defendant fund next argues that the WCAB's determination that plaintiff was totally and permanently disabled by reason of incurable insanity as of January 29, 1970, denied the fund due process of law. The fund's basis for this contention is the WCAB's reliance on proofs presented at the 1971 hearing to establish the date of and the claim for total and permanent disability. The fund argues that by using this evidence the fund was denied its due process right to present evidence on the issue of the date of permanent disability. Its argument is simply that due process of law and fundamental fairness require that before a finding is made on an issue of fact which involves fund liability, the fund must be permitted an opportunity to be heard and to present evidence on the issue.

It must first be noted that the fund was represented at the 1971 hearings where it was determined that plaintiff failed to sustain his burden of proof in his claims of imbecility and loss of the industrial use of his legs. The fund, just like defendant Asplundh, was able to present its position and to protect its interests. It appears that the fund is actually challenging the use of evidence presented at the 1971 hearing as a basis for the WCAB's conclusion in 1987 that plaintiff was totally and permanently disabled by reason of incurable insanity.

In its 1987 opinion the WCAB stated:

In this case, we accept that the proofs adduced in the 1971 hearing, primarily the testimony of Dr. Forrer, are sufficient to support a finding of incurable insanity and find as fact that the plaintiff has proved that he is totally and permanently disabled on this basis, under *Redfern, supra.*

We are bolstered in this conclusion by the later testimony of Dr. Forrer, finding deterioration in the plaintiff's condition on examination in 1981, as well as the opinion testimony of psychiatrists Klarman and Rubenfaer and psychologist Goldstein. The plaintiff's mental status appeared to be consistent for the exams of all these experts. His history to each was consistent and comported closely to his testimony at trial.

\* \* \*

We therefore, affirm Judge Condino's ruling that plaintiff has failed to prove a change of condition relative to his industrial loss of use of legs and imbecility claims. We reverse the determination of Judge Condino that the plaintiff has failed to prove by a preponderance of the evidence that he is psychiatrically disabled to the point of being "incurably insane" and order total and permanent disability benefits as of January 29, 1970 until further order.

Defendant Asplundh challenges the determination of the WCAB that plaintiff was incurably insane as of January 29, 1970. Defendant Asplundh also challenges the use of evidence from the 1971 hearing as a basis for finding plaintiff incurably insane. Asplundh argues that if evidence of incurable insanity was raised in 1971, then, even under the narrow interpretation of res judicata, plaintiff was prohibited from bringing his claim since he was not arguing a change in circumstance. See *Hlady, supra.*

In its 1987 opinion the WCAB stated in a footnote:

> Although the 1980 Appeal Board opinion found that plaintiff had not specifically alleged incurable insanity in his 1969 petition, we are not entirely convinced that this claim was not litigated in the 1971 hearing. Dr. Forrer's 1971 testimony was replete with reference to the plaintif's schizophrenia, delusions, and paranoid ideation. Presuming that the law of the case doctrine applies to prior Board orders, under that doctrine discussed earlier, we are constrained to find that this unappealed order is final.

Asplundh relies on this statement, and the previously quoted statement from the 1987 WCAB decision, for its argument that the issue of incurable insanity was raised in 1971 and therefore even under the narrow rule of res judicata, plaintiff was barred from relitigating this issue. In response to the WCAB's statement that the law of the case doctrine applied to the WCAB's 1980 opinion because that order was an unappealed final order and therefore regardless of whether incurable insanity was raised in 1971 defendants were now barred from challenging the 1980 WCAB opinion, Asplundh contends the WCAB made an error of law requiring reversal.

Asplundh is correct in its assertion that the WCAB made an error of law in stating that the order of the WCAB that sent this case back to the bureau was an unappealed final order and thus law of the case. Since the 1980 opinion was not a final determination, but merely a remand to the bureau for a hearing, it was not a final decision and not appealable to this Court. See *Boggetta v Burroughs Corp,* 368 Mich 600; 118 NW2d 980 (1962), and MCL 418.861; MSA 17.237(861). We agree that an error of law was made by the WCAB, and that this case should be remanded for a determination of whether plaintiff, following the 1980 remand from the WCAB to the bureau, submitted sufficient proofs to sustain his burden for his claim of incurable insanity. Because we are remanding this case back to the WCAB for decision based on the proofs presented subsequent to the WCAB's 1980 order, the fund's due process challenge is adequately answered.

V

Asplundh also challenges the finding of the WCAB that plaintiff's wife was in fact a dependent. Mindful of the standard of review for such decisions, we find no error in the WCAB's decision on this point. Our review of the record reveals evidence from which a finding of dependency can be inferred. The couple had been married for over thirty years. The wife's only occupation outside the home had been part-time jobs and at the time of the hearing she was collecting less than $100 per month in social security.

VI

Asplundh finally claims that the one-year back

rule applies, limiting its liability. That rule provides in pertinent part:

> If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application. [MCL 418.833(1); MSA 17.237(833)(1)]

Here, plaintiff received general disability payments from 1959 to 1969. Plaintiff then sought total and permanent disability payments for (1) the loss of the industrial use of his legs, (2) imbecility, and (3) incurable insanity. In *Martin v Somberg-Berlin Metals Co,* 407 Mich 737, 741; 288 NW2d 574 (1980), the Supreme Court held:

> If compensation is paid for a particular disability (general on account of back injury) and subsequently another disability is determined (total and permanent on account of loss of industrial use of legs) compensation for the second disability is not "further compensation" subject to the one-year-back rule but is a separate "category" not so limited.

Because the facts in *Martin* concerned an appeal by the Second Injury Fund only, Asplundh argues that *Martin's* holding is only applicable to the fund. We find no authority for this limitation. Plaintiff's claim here is not for further compensation requiring application of the one-year-back rule. Plaintiff's claim is for total and permanent disability based on incurable insanity, a separate category, not limited by his earlier voluntary award of general compensation.

Reversed and remanded.