MARGENOVITCH v. NEWPORT MINING CO.

1. Master and Servant—Workmen's Compensation Act—Total Disability—Evidence—Sufficiency.

On certiorari to review an award by the industrial accident board for total disability under the workmen's compensation act, testimony by plaintiff as to the nature of his injuries and his inability to work at his former occupation as a miner, *held*, sufficient to sustain the finding of the board.

2. Same—Ability to Follow Other Occupation Immaterial.

The fact that plaintiff is able to earn good wages at another occupation, although not equal to those earned as a miner, *held*, immaterial.

3. Same—Mistake of Board—Evidence to Sustain Finding Sufficient.

Even if the conclusion of the board that plaintiff's inability to work as a miner was occasioned by injuries to his eye and ear was a mistake, its award would not be disturbed by the Supreme Court if the testimony as to other injuries received at that time tended to support it.

On compensation recoverable by incapacitated employee under workmen's compensation act, see notes in L. R. A. (N. S.) 136, 254; L. R. A. 1917D, 167.

4. SAME—CLAIM—AMENDED CLAIM.
> Where plaintiff filed two claims, the second one supplementing the first, the two should be taken together and treated as an amended claim, and defendant's contention that plaintiff should be limited to recovery for the injury counted upon in the first claim cannot be sustained.

5. SAME—APPEAL—POWERS OF BOARD ON APPEAL.
> On appeal from the arbitration committee to the industrial accident board, the statute (2 Comp. Laws 1915, § 5464) contemplates a *de novo* hearing before the board with power to make decision therein without regard as to whether such decision affirms, reverses, increases, or decreases the award made by the arbitrators, and without regard as to which party appealed.

Certiorari to Industrial Accident Board. Submitted October 15, 1920. (Docket No. 1.) Decided December 21, 1920. Rehearing denied March 31, 1921.

Nick Margenovitch presented his claim for compensation against the Newport Mining Company for injuries received in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Cummins & Nichols,* for appellant.

*James A. O'Neill,* for appellee.

BIRD, J. Plaintiff was injured on the 16th day of June, 1918, while employed by defendant as a miner. He was injured by a blast which struck him on the right side of his head and body. On October 9, 1918, he returned to his work, but remained only 10 days. His claim is that he was unable to do his former work. Following this, he did some work for defendant as a pipeman, but at a less wage than he received as a miner. The parties being unable to agree upon compensation, plaintiff requested an arbitration. He filed

213—Mich.—18.

two claims, the first one described the nature of his injuries as follows:

"As a result of a blast set off by another employee, I was injured all over my body, from my knees up, greatly injuring my eyes and my right ear."

The second one filed a few days thereafter stated the nature of his injuries to be:

"Blasted in front part of body, face and head, resulting in deafness of right ear and loss of sight of right eye and permanent disfiguration of face."

Testimony was taken by the arbitration board and plaintiff was awarded $10 a week for 100 weeks for the loss of his right eye. An appeal by defendant followed and a hearing was had before the full board. The full board reversed the findings and conclusions of the arbitration board, holding that plaintiff had not lost an eye within the meaning of the compensation law. They, however, granted him an award on the ground of total disability, occasioned by the injuries to his eye and ear. The award was at the rate of $10 a week covering the period of total disability, and thereafter at the proper rate during partial disability should he become entitled thereto. The defendant, being aggrieved by this order, is now here on certiorari, making the following complaints:

(1) That there is no evidence to support the board's finding that claimant is totally disabled to engage in the work of a miner.

(2) That if there is any evidence tending to show said disability, there is no evidence tending to show that the disability arose from the injuries to his eye and ear.

(3) That the claim having been expressly limited to the loss of an eye to the claimant himself in his written application for an adjustment of the claim, it is not competent to make an award based upon the theory of disability.

(4) That it is not competent upon appeal by the de-

fendant only (the claimant not having appealed) to increase the amount of the award on hearing by the full board.

1. Plaintiff's testimony shows that he was unable to do the work in his regular occupation as a miner, and gave the reasons therefor, namely, that he could not use the drilling machine because the noise affected his head and made him dizzy, and further that he could not handle the timbers which a miner was required to handle. The testimony shows that his hearing and eyesight are impaired and that foreign matter was blown by the blast through his clothing and embedded into his flesh, some of which is still there. The following excerpts from plaintiff's testimony will indicate his inability to follow his regular employment as a miner:

"*Q.* Have you worked as a miner since you got hurt?

"*A.* I tried to work ten days, but I couldn't stand it, because if I took a machine and drilled my head like to bust and it makes me crazy like.

"*Q.* Why?

"*A.* The noise of the machine makes me dizzy. I can't stand it and I got hit in the right leg with chunks. If I lifted anything heavy, over 50 pounds, it is just the same as if you stuck a knife in it.

"*Q.* Are your ears affected?

"*A.* My right ear is deaf. It was leaking for two months straight.

"*Q.* Can you hear anything in the right ear?

"*A.* Nothing.

"*Q.* How is your left ear?

"*A.* The left ear is all right. ' * * *

"*Q.* Why are you not working now as a miner?

"*A.* I can't.

"*Q.* For what reason?

"*A.* If I drive with machine I get headache and get kind of dizzy and besides that I couldn't hear in the right ear, and if I pull timber I hurt my right leg. I got hurt in this leg (indicating right) from here (indicating knee) up and if I pull anything, timber or anything, I hurt my leg.

"*Q.* That is from the knee up?

"*A.* Yes, sir.

"*Q.* Were you injured in your right leg?

"*A.* Yes, sir.

"*Q.* Did you have any ore from the blast strike you there?

"*A.* Iron ore from the blast.   *   *   *

"*Q.* In doing mining work you have got to use a drill?

"*A.* Yes, sir.

"*Q.* And you have got to handle your own timber?

"*A.* Yes, sir.

"*Q.* Every miner is required to do that?

"*A.* Yes, sir.

"*Q.* And if you can't handle a drill or can't handle the timber you are not a miner?

"*A.* No, sir.

"*Q.* They wouldn't keep you there if you couldn't do that?

"*A.* No, sir."

This testimony unquestionably brings plaintiff's capacity to engage in his former employment within the domain of fact.

Another contention in this connection, which should be noticed, is that inasmuch as plaintiff has been able to earn good wages as a pipeman (although not equal to those he earned as a miner), it ought not to be held that he is totally incapacitated to work in his regular employment as a miner. This contention has so recently received the attention of this court in the following cases that a repetition of what was there said will be unnecessary: *Foley* v. *Railway*, 190 Mich. 507; *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514; and *Miller* v. *Fair & Sons*, 206 Mich. 360. The conclusions reached in these cases are adverse to counsel's contention. The present case may be one of the hard cases referred to by Mr. Justice Steere in *Foley* v. *Railway*, but if it is the remedy lies with the legislature and not with us.

2. The claims as filed show that plaintiff was in-

jured in the head, face, body and legs. The testimony tends to support these claims. In view of this it is not very important whether his incapacity arises from injuries to the eye and ear or to the body, if the incapacity arises from some of the injuries which he received on that occasion. The board concluded that his inability to work was occasioned by the injury to the eye and ear. Even though it appeared they were mistaken in this their award would not be disturbed by this court, if the testimony as to other injuries received at that time tended to support the award. The testimony as to the extent of the injuries to the eye and ear was very conflicting. The board has considered it and reached a conclusion thereon, which finds support in the testimony, and the parties must be content therewith.

3. The point is made that plaintiff's claim having been expressly limited to the loss of an eye, it is not competent for the board to make an award upon the theory of disability. Counsel are in error in assuming that the claim was expressly limited to the loss of an eye. A reference to the claims will disclose that the injury to the eye and ear is counted upon in both claims and injury to the body in the first claim. The second claim was presumably filed to make the first one more specific and the two taken together should be treated as an amended claim.

4. It is argued that because defendant appealed, and the plaintiff did not, the industrial accident board had no power to increase the amount of the award. If either party files an appeal, the industrial accident board is given the power by the statute to review the decisions of the committee on arbitration. 2 Comp. Laws 1915, § 5464. This section evidently contemplates a de novo hearing before the industrial accident board on appeal with the power to make decision therein, without regard as to whether such decision

affirms, reverses, increases or decreases the award made by the arbitrators, and without regard to the question as to whose appeal it may have been. We think if the legislature had intended any such restrictions upon the right of the board in making its decision, as is argued by counsel, it would have given some indication of it in the act.

We are of the opinion that the award of the industrial accident board should be affirmed, with costs to the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.