THOMPSON v. CONTINENTAL MOTORS CORPORATION.

1. Workmen's Compensation—De Novo Review of Deputy Commissioner's Award.

The review of the award of a deputy commissioner of the department of labor and industry by the compensation commission is a *de novo* hearing.

2. Same—Palpable Error in Admission or Stipulation—Amount of Weekly Wage.

While generally the department of labor and industry, on review of deputy commissioner's award, is not bound by an admission or stipulation as to a fact erroneously made by counsel when the error is palpable and attention thereto is promptly called, where a stipulation relates to the amount of a weekly wage, the parties are bound.

3. Stipulations—Mistake—Evidence.

As a rule, parties are bound by their stipulations, but courts will not permit a mistake to remain uncorrected when the opposite party has not been misled, a delay has not been suffered thereby and documentary evidence of the mistake appears in the files and record before the court.

4. Workmen's Compensation—Amount of Earnings—Stipulations—Statutory Formula.

When the amount of an employee's earnings are disclosed by stipulation in the record in proceedings to recover workmen's compensation, resort may not be had to statutory formula for the purpose of fixing the earnings in a different amount, as such formula may be applied only where the average weekly wage of the employee cannot be ascertained (2 Comp. Laws 1929, §§ 8425–8427, as amended by Act No. 245, Pub. Acts 1943).

5. Same—Scope of Review of Deputy Commissioner's Award—Amount of Earnings—Stipulations.

Where injured employee sought review of deputy commissioner's award by the workmen's compensation commission because it was contrary both to the facts and to the law, he did not limit

the issue before the commission to question of his weekly wage before the time of injury and he may not rely on stipulation as to such matter, made before the deputy, to close door to further inquiry before the commission, as to the facts or the law, concerning his weekly wage before the injury (2 Comp. Laws 1929, §§ 8425–8427, as amended by Act No. 245, Pub. Acts 1943).

6. SAME—PARTIAL DISABILITY—COMPUTATION OF AWARD—AVERAGE WEEKLY WAGE—STIPULATIONS—EVIDENCE.

Where, at hearing before deputy commissioner, it was stipulated that plaintiff employee's average weekly wage before injury was $111.38 and only testimony before commission on review pertaining to the matter was that the regular work week was 48 hours with time and a half pay for all hours worked over 40 and an hourly rate of $1.5795 on last days of work without indication as to number of hours worked, amount of overtime worked or whether there was a bonus, compensation commission's computation of award for partial disability derived from statutory formula using an average weekly wage prior to injury based on regular work week and hourly rate *held*, unsupported by evidence, since there was no testimony contrary to the stipulation (2 Comp. Laws 1929, §§ 8425–8427, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted January 15, 1948. (Docket No. 31, Calendar No. 43,905.) Decided February 16, 1948.

Everett Thompson presented his claim for compensation against Continental Motors Corporation and another for occupational disease. Award to plaintiff. Plaintiff appeals. Reversed and remanded for recomputation.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W. Kelman*, of counsel), for plaintiff.

*Joseph T. Riley*, for defendant.

BOYLES, J. Plaintiff appeals in the nature of certiorari on leave granted, from an award of compensation to him by the workmen's compensation

commission. The substance of plaintiff's claim is that he should have been awarded more compensation. Plaintiff, an employee of the defendant Continental Motors Corporation, filed a claim with the department of labor and industry for compensation for an occupational disease (dermatitis) arising out of and in the course of his employment. At a hearing, the deputy commissioner found that the employee's weekly wage before the time of the injury was $111.38; that he was entitled to receive compensation at the rate of $21 per week for total disability from May 28, 1946, to September 8, 1946, and from September 17, 1946, to September 25, 1946; and that the plaintiff's loss of wages after September 25th was not due to the injury of May 28, 1946. From that award, the plaintiff made application for review before the commission, his sole ground being stated as follows:

"This claim for review is based on the following grounds:
"The award of the deputy commissioner is contrary both to the facts and to the law."

On the review before the commission, the *defendant* stated the question involved was: "Did plaintiff receive a personal injury on May 28, 1946, resulting in any loss of wages after September 25, 1946?" and insisted that the deputy had correctly answered this question "No."

On said review, the findings of the commission affirmed the award of the deputy for compensation up to September 25, 1946, but added compensation also, from and after that date. In so far as they involve the questions now before us for decision, the findings were as follows:

"The defendant, Continental Motors Corporation has paid the compensation awarded by the deputy commissioner and the only question before

us is whether or not the plaintiff's dermatitis arising out of and in the course of his employment by the Continental Motors Corporation has caused him any disability since September 25, 1946. The record is very clear that the plaintiff was transferred from his job in the block department to the inspection job for the specific reason that the defendant's doctors recommended that this be done because of the plaintiff's dermatitis. The inspection job was and is a lower paying job than the block job and there is, therefore, no question but that the plaintiff has suffered a loss in earnings because of his occupational disease. * * * We find that the plaintiff is entitled to further and continuing compensation for partial disability for the specific reason that his occupational disease has caused him to be taken, on his employer's orders, from a higher paying job to a lower paying job and that his handicap due to his dermatitis is still continuing.

"The plaintiff's regular work week at the Continental Motors Corporation was 48 hours a week with time and a half pay for all hours worked over 40. His hourly rate on the block job was $1.5795. For the regular 48-hour week he received $82.13. When he was placed on the inspection job on September 26, 1946 he was paid an hourly rate of $1.125 or a 48-hour weekly wage of $58.50. He thereafter received an hourly raise of 5¢ an hour every month until March of 1947 so that his weekly wage from October 28 to November 25, 1946 was $61.10 a week; from November 25, 1946 to December 23, 1946, $63.70 a week; from December 23, 1946 to January 20, 1947, $66.30 a week; from January 20, 1947 to February 17, 1947, $68.90 a week; from February 17, 1947 to March 17, 1947, $71.50 a week and from March 17, 1947 and up to and through the date of the hearing before Deputy Commissioner McGinty, $74.10 per week."

The commission then further found that plaintiff was entitled to compensation "at the rate of $15.75

per week from September 26 to October 28, 1946; at the rate of $14.06 per week from October 28 to November 25, 1946; at the rate of $12.29 per week from November 25 to December 23, 1946; at the rate of $10.55 per week from December 23, 1946 to January 20, 1947; at the rate of $8.82 per week from January 20, 1947 to February 17, 1947; at the rate of $7.09 per week from February 17, 1947 to March 17, 1947, and at the rate of $5.35 per week from March 17, 1947 and until the further order of the commission.''

From an order awarding compensation in accordance with the foregoing findings, the plaintiff, on leave granted, appeals to this Court. The questions raised by appellant for review here are as follows:

''(1)   May the compensation commission make a finding contrary to the stipulation of the parties?

''(2)   May the compensation commission inject issues into a case which have not been raised by the parties themselves?

''(3)   Is there any evidence to support the finding of the compensation commission that the plaintiff's wages were $82.13?''

(1)   The stipulation.

At the hearing before the deputy, Mr. Marcus appeared for the plaintiff and Mr. Riley for the defendant. Material to the issues here involved, the following occurred:

''*The Commissioner:* I will call the case of Everett R. Thompson v. Continental Motors Corporation. * * * May it be stipulated both the employer and employee were subject to the compensation law?

''*Mr. Riley:* Yes. * * *

"*The Commissioner:* That injured's exact daily and weekly wages at the time of the personal injury were?

"*Mr. Riley:* The last full two-week period, $222.76.

"*Mr. Marcus:* $111.38, is that about what you were making?

"*Mr. Thompson:* Yes, it is.

"*Mr. Marcus:* We will accept half of that as his weekly wage.

"*The Commissioner:* $111.38?

"*Mr. Marcus:* $111.38."

Plaintiff claims that this is a binding stipulation of fact, that the average weekly wage of the plaintiff before the time of the injury was thereby fixed with finality and not subject to change by the commission on review. It is quite apparent that this was a statement of fact, agreed to by both parties, and made a part of the record before the deputy, that plaintiff's wages for the last two weeks he worked up to the time of the injury (May 28, 1946) were $222.76, and that half of that amount, $111.38, was his weekly wage.

Conceding that said statement of weekly wages agreed to before the deputy should be considered as a stipulation of fact, it is not under all circumstances necessarily final and binding on review by the commission. Under some circumstances the door would be open to the commission to make a finding of facts.

"The review from the award of a deputy commissioner is a *de novo* hearing. *Margenovitch* v. *Newport Mining Co.,* 213 Mich. 272. The department on review was not bound by an admission or stipulation erroneously made by defendant's counsel when the error was so palpable as shown by the written document in the files of the department and attention was promptly called to the error. As a rule,

parties are bound by their stipulations, but the courts will not permit a mistake to remain uncorrected when the opposite party has not been misled, a delay has not been suffered thereby, and documentary evidence of the mistake appears in the files and record before the court." *Basner* v. *Defoe Shipbuilding Co.*, 319 Mich. 67, 72.

However, Mr. Justice Butzel, writing for the Court in the *Basner Case, supra,* then proceeded to recognize certain exceptions to the above rule, as follows:

"Were this a stipulation in regard to the opinion of a medical examination (*Napolion* v. *National Concrete Metal Forms Corp.*, 279 Mich. 668), *or as to the amount of a weekly wage* (*Moninger* v. *Germania Building & Loan Assn.*, 305 Mich. 303), or in regard to notice and knowledge of an alleged accident (*Cundiff* v. *Chrysler Corp.*, 293 Mich. 404), the parties would be bound thereby."

In *Moninger* v. *Germania Building & Loan Assn.*, 305 Mich. 303, above cited, the department fixed a weekly wage in an amount different than that stipulated by the parties. We held:

"In reaching the above conclusion the department sought to apply the provisions of the workmen's compensation act found in 2 Comp. Laws 1929, § 8427 (Stat. Ann. § 17.161). But by the words of the statute the provisions which the department followed are applicable only: 'In cases where it is impossible to ascertain the exact daily wage' of the employee. In the instant case plaintiff's average weekly wage was stipulated, and his daily wage under the statute would be one-sixth of the weekly amount. When the amount of the employee's earnings are disclosed by the record, resort may not be had to the statutory formula for the purpose of fixing the earnings in a different amount. By resort to the statutory formula, in-

stead of following the stipulated facts, the department awarded compensation at the rate of $18 per week notwithstanding plaintiff's average weekly wages earned in defendant's employ were only $17.57. Such an award is in clear violation of the basic statutory provision fixing the maximum rate of compensation" (citing and quoting the statute as then in effect. [2 Comp. Laws 1929, § 8425] The amendment by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8425, Stat. Ann. 1947 Cum. Supp. § 17.159], merely bears on the amount.)

(2) Did the commission "inject issues into a case which have not been raised by the parties themselves?"

There is testimony to support the commission's finding that plaintiff's injury resulted in loss of wages after September 25th. The appellant, in seeking review by the commission of the deputy's award, did not limit the issue before the commission solely to the question of plaintiff's weekly wage before the time of the injury, May 28, 1946, but opened the door wide to a general review. Appellant's claim for review stated that it was based on the ground that the award of the deputy was "contrary both to the facts and to the law." Appellant cannot now rely on the stipulation, to close the door to further inquiry before the commission, as to the facts or the law, concerning the weekly wage of plaintiff before the time of the injury.

(3) The issue then narrows down to whether there is testimony in the record to support the finding of the commission, that plaintiff's average weekly wage before the time of the injury, May 28, 1946, was $82.13. The applicable statute concerning weekly wages is as follows:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or

cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to 66 2/3 per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than $21 a week." 2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8426, Stat. Ann. 1947 Cum. Supp. § 17.160).

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury: *Provided,* the compensation payable, when added to his wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury.

"The term 'average weekly wage,' as used in this act, is defined to be the weekly wage earned by the employee at the time of his injury but in no case less than 40 times his hourly rate of wage or earning." 2 Comp. Laws 1929, § 8427, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8427, Stat. Ann. 1947 Cum. Supp. § 17.161).

The plaintiff stopped working for the defendant May 27, 1946, and did not return to work until in September, for which period of time he has been paid compensation for total disability. In the record we find ample testimony to establish the average weekly wage that the plaintiff was able to earn when he returned to work for the defendant in September, 1946. No question is now raised as to

the correctness of the finding by the commission in that regard. The issue here is in regard to the finding by the commission that plaintiff's average weekly wage before the time of the injury, May 28, 1946, was $82.13, and not the $111.38 found by the deputy.

The record before us is entirely barren of any proof as to how many hours per day or per week plaintiff was working for the defendant before the time of the injury, May 28, 1946. There is no testimony as to whether he put in overtime, or at overtime wages, or whether he received any bonus or additional pay. The sole testimony in the record having any possible bearing on the issue is a statement by the assistant secretary of the defendant who was in charge of compensation claims, as follows:

"*Mr. Faust:* The following are the wage rates of Everett R. Thompson as at the following dates. May 28, 1946, last days at work, $1.5795 per hour."

We are unable to find in this record any support for the finding of the commission, as applied to plaintiff's work week *before* the injury:

"The plaintiff's regular work week at the Continental Motors Corporation was 48 hours a week with time and a half pay for all hours worked over 40."

Except in regard to the *hourly* rate briefly referred to by witness Faust, there is no other testimony that refers to plaintiff's weekly wage before May 28, 1946.

On the sole basis of the hourly rate, the commission computed plaintiff's weekly pay before the injury, May 28th, at the sum of $82.13, by using the hourly rate of $1.5795. This was contrary to the statute. *Moninger* v. *Germania Building & Loan*

*Assn., supra.* The weekly wage of the plaintiff before the time of the injury should have been considered to be $111.38, in accordance with the stipulation, there being no testimony to the contrary.

Inasmuch as plaintiff's compensation for partial disability, found by the commission, beginning September 26, 1946, is fixed by statute at 66 2/3 per cent. of the difference between his weekly wage before May 28, 1946, and the weekly wage which he was able to earn thereafter, it follows that the computation of the compensation plaintiff was entitled to after September 26, 1946, was too low. The case is remanded to the department for a redetermination of such compensation and the entry of an award in accordance with this opinion, otherwise the award of the commission is affirmed. Plaintiff may have costs of this appeal.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.