FAWLEY *v.* DOEHLER-JARVIS DIVISION OF NATIONAL
LEAD COMPANY.

1. WORKMEN'S COMPENSATION—COMMISSION'S HEARING ON APPEAL
FROM DEPUTY.
   The hearing before the workmen's compensation commission on
   appeal from an award by a deputy commissioner is a *de novo*
   hearing.

2. SAME—HEARING BY COMMISSION—ADDITIONAL SUBJECT MATTER.
   The workmen's compensation commission, although it has broad
   powers as to the hearing had on review of an award by a
   deputy commissioner, should give a party an opportunity to
   present its views on matters taken up for consideration by the
   commission in addition to such matters as were specifically
   brought up for its consideration by the application for review
   by the commission.

3. SAME—DISABILITY FROM INJURY—LACK OF SENIORITY.
   A maintenance worker at a factory, classed as a common
   laborer, who was injured, paid compensation during absence,
   returned to work without diminution of average weekly wage
   and later laid off because of lack of seniority was not entitled
   to workmen's compensation for either partial or total disability,
   since his disability is not shown to have resulted from injury.

Appeal from Workmen's Compensation Commis-
sion. Submitted November 3, 1954. (Docket No. 84,
Calendar No. 45,987.) Decided March 9, 1955.

Carl E. Fawley presented his claim for compen-
sation against Doehler-Jarvis Division of National

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 454.
[2] 58 Am Jur, Workmen's Compensation § 460.
[3] See, generally, 58 Am Jur, Workmen's Compensation §§ 193, 198.

Lead Company. From decision of deputy, defendant took appeal to full commission on matter of computation of wage. Commission modified and revised the award in this and other respects. Defendant reviews by appeal in the nature of certiorari. Reversed.

*Joseph E. Arsulowicz,* for plaintiff.

*Warner, Norcross & Judd (Conrad Bradshaw,* of counsel), for defendant.

REID, J. Defendant, on leave granted, appeals from an order by the workmen's compensation commission (hereinafter referred to as the commission) modifying the award made by the deputy commissioner.

Defendant's petition is,

"For a review of the findings of the deputy commissioner in the claim of Carl Fawley v. Doehler-Jarvis Corporation.

"This claim for review is based on the following grounds: Employee's average weekly wage at the time of injury is not computed in accordance with the statute."

The above statement was the only ground assigned in the appeal from the deputy to the commission and defendant filed with the commission a brief directed to this one point and this point only. No brief was filed on behalf of the claimant before the commission and no oral argument was had. Defendant claims and plaintiff denies that the commission was limited on review to matters mentioned in the claim for review. Defendant claims that the commission has no inherent power to enlarge the issue as outlined in the claim of appeal.

We have heretofore indicated in *Margenovitch* v. *Newport Mining Co.,* 213 Mich 272, and in *Basner*

v. *Defoe Shipbuilding Co.,* 319 Mich 67, as well as in *Thompson* v. *Continental Motors Corp.,* 320 Mich 219, that the hearing before the commission on appeal from an award by the deputy is a *de novo* hearing. There have been many changes in the statute since the *Margenovitch Case,* but the 3 decisions quoted may be considered as indicating the nature of the hearing on appeal in workmen's compensation cases.

In the instant case the commission, after the matter had been submitted to it, as hereinbefore indicated, without notifying the defendant, took up matters not indicated by the parties as being considered by the parties as being in controversy in the case. We consider that the commission, though it has broad powers as to the hearing, should have, in fairness to the defendant, given the defendant an opportunity to present its views on the matters thus additionally taken up by the commission for its consideration. Among other such questions was the question of total and permanent disability of the claimant. The deputy had, in effect, in an award dated October 29, 1952, found the claimant totally disabled from 6–30–51 for a period in 1951, and that "the employee is still partially disabled." As we have heretofore seen, the defendant did not appeal from that finding; but in reversal of that finding, the commission found the claimant entitled to "compensation for total disability of $34 per week from July 8, 1952, until the further order of the commission."

There is but little dispute about the facts in the case.

Among other things, it appears that the injury occurred on June 29, 1951, consisting of a fractured right arm near the shoulder, fractured right elbow and wrist, caused when plaintiff fell to a roof from overhead dust exhaust and air-wash installation. He was cleaning blow pipes; they broke and let him

fall about 15 feet, breaking his arm in 3 places and giving him permanent injuries of elbow (a stiffening of the elbow). The occupation at the time of injury was that of maintenance; in other words, as a common laborer assisting at odd jobs in repairing at a factory which was in operation. His work was either as a carpenter or pipe fitter or an electrician or welder, assisting in such jobs, besides painting, breaking concrete, shoveling, moving ladders, tearing down moving machinery, cleaning parts, simple operations on some machines such as small drill press or portable grinder, changing light bulbs and working under the direction of a Class A man.

The employee was married and had 5 children under the age of 16 living with him at the time. The hourly rate was given in report filed by defendant as $1.53 an hour, 40 hours a week, $61.20. Compensation was voluntarily paid to plaintiff for the period from June 30, 1951 to and including December 1, 1951, a period of 22 weeks and 1 day, at the weekly rate of $34 a week, the total amount paid being $753.-67. The compensation weekly payments were stopped because plaintiff returned to work on December 3, 1951 at the same wage as when injured, and defendant therefore claims the plaintiff should be found as a matter of law not totally disabled.

After his injury, defendant returned to work at his old job, without any decrease in average weekly wage.

Plaintiff represented to the Michigan employment security commission that he was able and available to perform full-time work. After his injury, plaintiff purchased a farm of 135 acres, on which he has done what farm work he could do. He has tried to get a job with different farmers but has not applied at any factory for employment since his injury. From December 3, 1951, at which time claimant returned to work after his injury, he worked until

March 31, 1952, as a maintenance helper. On March 31, 1952, his seniority in the department as maintenance helper ran out and he was laid off, but immediately "bumped back in" on April 2, 1952, as a janitor, and continued work as a janitor until July 8, 1952, at which time he again ran out of seniority and was laid off because of his lack of seniority.

Whatever rule may be considered to apply to a specially trained and skilled workman or artisan, still the claimant in this case cannot under his own testimony be classified as anything but a common laborer. He was out of employment at the time of the hearing because of lack of seniority and not because of inability caused by the injury. He cannot be rated in this case as permanently totally disabled. He has not sought work in any other factory and there was no basis at the time of the hearing for the award by the department for either partial or total disability, under the decision in *Wieland* v. *Dow Chemical Co.*, 334 Mich 427.

The order and award by the commission is reversed.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.