NELSON v GENERAL MOTORS CORPORATION

Docket No. 61087. Submitted November 4, 1982, at Lansing.—Decided January 19, 1983. Leave to appeal applied for.

Plaintiff, Letha Nelson, made a claim for workers' compensation benefits against defendant, General Motors Corporation, and obtained an award from the hearing referee. Defendant filed a claim for review. Plaintiff did not file a claim for review or otherwise cross-appeal, but did raise the issue that she was entitled to more benefits than were granted by the hearing referee. The Workers' Compensation Appeal Board refused to consider the issues raised in plaintiff's response brief. Plaintiff appealed.

The Workers' Compensation Appeal Board may, but is not required to, consider issues raised by a party who has not filed a claim for review.

Affirmed.

WORKERS' COMPENSATION — APPEAL.

The Workers' Compensation Appeal Board, when considering issues raised by a claim for review by one party, may, but is not required to, consider issues raised by the party who has not filed a claim for review.

*Rosenberg & Vigiletti, P.C.* (by *James E. Vigiletti),* for plaintiff.

*Munroe & Nobach, P.C.* (by *John M. MacDonald),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and R. L. TAHVONEN,* JJ.

ALLEN, J. In this appeal we are presented with a

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 638.
* Circuit judge, sitting on the Court of Appeals by assignment.

question regarding the procedure for appeals from a hearing referee to the Workers' Compensation Appeal Board (appeal board). Where the hearing referee enters a judgment in favor of a plaintiff for two closed periods of disability but denies the plaintiff's claim for continuing benefits for an alleged psychological disability, and where defendant employer thereafter files a claim for review challenging the award, and where plaintiff does not file a claim for review or otherwise cross-appeal the denial of her claim for continuing benefits but, in her brief responding to defendant's claim for review, argues that the hearing referee erred in denying her claim for continuing benefits due to a functional overlay, does the appeal board err in refusing to consider the issues raised in plaintiff's responsive brief?

Plaintiff was hired by defendant in April, 1955. On June 24, 1963, she injured her right arm and shoulder as a result of repetitive overhead reaching as part of her job. Treated at the company first aid station, she eventually went on sick leave from July 11, 1963, to September 5, 1963. Her condition improved when she was given a left-handed job, and from September, 1963, to January or February, 1970, she continued working but with frequent visits to the medical department and sick leave because of right shoulder pain. In March, 1977, she returned to work from sick leave and was placed on a job requiring her to visually inspect pick-up truck boxes. She remained on this job until April 4, 1977, when she again went on sick leave. Defendant refused to pay sick leave benefits and on June 16, 1977, plaintiff filed a petition for a hearing with the Bureau of Workers' Disability Compensation (bureau).

A hearing was held in April, 1979, and, in a

decision issued May 10, 1979, the hearing referee found that plaintiff had sustained numerous work-related personal injuries and had "a substantial physical disability". He also found that her last job did not aggravate her condition, which he held she could perform within medical restrictions. Under these conditions he entered an award of $138 a week from April 4, 1977, to April 31, 1977, and from November 2, 1977, to April 29, 1979, the date of the decision. He denied continuing benefits for plaintiff's claim of disability due to an alleged functional overlay, *i.e.,* a psychological disability. The amount of the weekly award was computed on the basis that plaintiff had two minor dependents.

Defendant appealed by claim for review filed on May 18, 1979. Defendant claimed general review, contending generally that the referee's decision was contrary to the facts, the law, and the great weight of the evidence. Its brief on appeal, filed June 23, 1980, challenged the award of compensation benefits for the closed periods and it challenged the finding of dependency. Plaintiff did not file a cross-appeal, but in her brief filed July 6, 1981, she argued, *inter alia,* that the award of compensation benefits should have been open and continuous and that she should have been awarded disability benefits for functional overlay.

By opinion filed October 22, 1981, the appeal board refused to consider the issues argued by plaintiff because she had not filed a cross-appeal. The appeal board said:

"* * * In her brief, plaintiff argues that the administrative law judge was wrong in finding she did not sustain her burden of proof of emotional disability and in closing the award of compensation. However, plaintiff has no appeal before us and we will confine our deliberations to defendant's arguments."

The appeal board affirmed the referee's award of compensation benefits for the two closed periods. However, it reduced the amount of the award, finding that plaintiff's sons ceased to be dependents on their 18th birthdays.

Plaintiff contends that, since the appeal board reviews the referee's award *de novo,* it was required to consider the issues she raised, even though she did not file a cross-appeal. In answer, defendant contends that the appeal board, in its *de novo* review function, is required to view only those issues raised by timely appeal and may, but is not required to, consider issues raised in the absence of a cross-appeal.

In spite of its statutory name, the Workers' Compensation Appeal Board is not truly an appellate tribunal in the same sense that appellate courts are. The reason for that is that the appeal board reviews the record made by the referee *de novo.* See, for example, *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979); *Paige v Asplundh Tree Expert Co,* 91 Mich App 408; 283 NW2d 758 (1978); *Carter v Detroit Bd of Ed,* 66 Mich App 128; 238 NW2d 419 (1975). As part of that function of *de novo* review, the appeal board, not the referee, makes the final, binding findings of fact, where an appeal is actually taken. *Kostamo, supra.* The constitution and a statute give final, binding effect to findings of fact by the appeal board, not to those of the referee. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861).

But does it necessarily follow that, because the board hears all cases *de novo,* it *must* rule on the issues raised by the record and not just those raised by the appellants? Plaintiff claims two decisions by the Supreme Court and one decision by this Court answer the above question in the affir-

mative. *Margenovitch v Newport Mining Co,* 213 Mich 272, 277-278; 181 NW 994 (1921); *Fawley v Doehler-Jarvis,* 342 Mich 100, 102; 68 NW2d 768 (1955); *Bacic v General Motors Corp,* 90 Mich App 40; 282 NW2d 1 (1979). To the contrary, these decisions do no more than hold that, upon appeal from the determination of the hearing referee, the board *may* rule on issues not raised by the parties.

*Margenovitch* states only that the board may decide issues which are not raised by the party that filed the claim for review. *Fawley* agrees with this determination but indicates that if the board decides to take up matters which have not been raised by the parties it should, in fairness, allow the adversely affected party an opportunity to present his views on the matters. The ruling in *Bacic,* that a party does not have to file an appellate brief, supports neither the defendant's nor the plaintiff's position. *Bacic* was based on this Court's interpretation of a workers' compensation administrative rule concerning the filing of briefs.

The appeal board did not decline to consider plaintiff's claim for continuing benefits for functional overlay on the grounds that plaintiff had failed to file a "cross-appeal", as that term is commonly understood in appellate practice. 7A Callaghan, Michigan Pleading & Practice, § 57.54. Instead, the appeal board refused because "plaintiff has no appeal before us". Neither the Worker's Disability Compensation Act, nor the administrative rules promulgated pursuant thereto, provide for a cross-appeal. Instead, appeal is taken by a claim for review.

"If *a claim for review is filed,* the board shall promptly review the order, together with the records of the hearing. The board *may* hear the parties, together with such additional evidence as it in its discretion may

allow them to submit and shall file its order with the records of the proceedings." MCL 418.859; MSA 17.237(859). (Emphasis supplied.)

As noted earlier, defendant filed a claim for review. Plaintiff did not.

Under the statute the only way for a party to appeal a decision of the hearing referee to the appeal board is to file a "claim for review". This plaintiff did not do so. Thus, plaintiff is in effect contending that, once one party who is dissatisfied with certain holdings of the hearing referee files a claim for review, the opposite party, who may be dissatisfied with other parts of the holdings of the hearing referee, need not file a claim for review and that any argument raised in the opposite party's brief not only may but must be considered by the appeal board. As we said before, no case holds so broadly. *Margenovitch, supra; Fawley, supra.*

Further, strong policy reasons preclude so broad a holding. These are well set forth in detail in *ToMich v Kropp Painting,* 1979 WCAB 2956. In that case, plaintiff filed a claim for review and in his brief argued that the amount of the award was too low. Defendant Kropp did not file a claim for review and in its brief raised the threshold issue that plaintiff had failed to prove that the injury was work-related. The appeal board stated that, if a claim for review by one party necessarily opens the entire case for review, the party filing the appeal is placed in a perilous position if he only desires review of one portion of the hearing referee's decision. Furthermore, an appellee could thereby raise new issues at any time, forcing unguided review of the case. Under these circumstances, the party who has not filed a timely appeal is in a better position than the party who

has acted in a timely manner. In the appeal board's opinion, allowing an appellee to raise new issues requesting affirmative relief without filing a cross-appeal *(viz.:* a claim for review) has serious due process problems.

The defendant in *ToMich* applied to this Court for leave to appeal the decision and in an order dated June 27, 1980, the application was denied for *lack of merit* in the grounds presented. Thereafter, the defendant applied for leave to appeal to the Supreme Court, which was denied in an order dated April 20, 1981, 411 Mich 882 (1981), because the Supreme Court was not persuaded that the questions presented should be reviewed.

We approve of the reasoning and findings in *ToMich,* and further agree with the panel of this Court which in *ToMich* denied leave to appeal "for lack of merit". Plaintiff's claim, if adopted, would add mandatory review functions on a system already greatly overloaded and with a large backlog. The pending workload of the appeal board would be vastly expanded. This panel declines to mandate such added responsibilities, particularly in the absence of legislative direction or a ruling by the Supreme Court. Therefore, we hold that, while the appeal board may review an issue raised by a party who has not filed a claim for review, *Margenovitch, supra, Fawley, supra,* it is not obligated to do so.

Affirmed.