## KOWALSKE v GENERAL MOTORS CORPORATION

Docket No. 61925. Submitted October 18, 1982, at Detroit.—Decided June 6, 1983. Leave to appeal denied, 418 Mich __.

Geraldine I. Kowalske, an employee of General Motors Corporation, filed a petition with the Bureau of Workers' Disability Compensation in 1975 alleging that she was disabled. In March 1977, a written stipulation for voluntary payment of benefits was entered into by the parties and endorsed by a hearing referee. General Motors paid compensation benefits to Kowalske until May, 1977, when Kowalske attempted to return to General Motors on favored work. She performed her job sporadically until June, 1977, when she stopped working due to a disability. General Motors refused to pay benefits after Kowalske stopped working on June 24, 1977. The hearing referee ordered General Motors to pay weekly benefits during the pendency of the dispute between the parties. After a series of four hearings and two depositions, the hearing referee issued a decision finding that Kowalske was able to do favored work offered by General Motors, that General Motors had met its obligation under the Worker's Disability Compensation Act, and terminated Kowalske's benefits as of February 24, 1978. Kowalske appealed to the Workers' Compensation Appeal Board, contesting only the referee's decision that she was able to perform a certain job and that that job was within her physical restrictions. The WCAB issued an opinion finding that Kowalske had failed to sufficiently prove the causation necessary for a finding of work-related disability. The WCAB reviewed not only the issue raised by Kowalske but also the propriety of the referee's finding of a work-related disability. Kowalske appeals, contending that the WCAB's *sua sponte* raising of the issue of the propriety of the referee's finding of a work-related disability was improper. *Held:*

The WCAB has the power to review *de novo* all matters presented and fully adjudicated by the parties before the hearing referee and the WCAB. Furthermore, parties to a compen-

References for Points in Headnotes

[1] 82 Am Jur 2d, Workmen's Compensation §§ 540, 618.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 613 *et seq.*, 631.

sation hearing may not limit the WCAB's review of the record facilitating its conclusions of fact and law. Causation was critical to Kowalske's claim and is one of the factors that must be shown in order to receive compensation. Kowalske briefed and argued the work-related nature of her injury on appeal and no additional information was considered nor was there any need for additional evidence.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — *DE NOVO* REVIEW.
    The Workers' Compensation Appeal Board has the power to review *de novo* all matters presented and fully adjudicated by the parties before a hearing referee and the appeal board.

2. WORKERS' COMPENSATION — APPEAL BOARD — REVIEW — CONCLUSIONS OF FACT AND LAW.
    Parties to a workers' compensation hearing may not limit the Workers' Compensation Appeal Board's review of the record facilitating its conclusions of fact and law.

*Miller, Cohen, Martens & Sugerman, P.C.* (by *Murray A. Gorchow),* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell)* (of counsel to *Otis M. Smith,* General Counsel, General Motors Corporation), for defendant.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

CYNAR, J. Plaintiff appeals from a Workers' Compensation Appeal Board (WCAB) decision which found she had suffered no work-related disability.

Plaintiff petitioned the Bureau of Workers' Disability Compensation for a hearing on April 22, 1975, alleging that she had been disabled since October 11, 1974. Following a series of four hearings and two depositions, the hearing referee issued his decision, finding that plaintiff was able to do "favored work" offered by defendant. Defen-

dant, therefore, had met its obligation under the act and the referee terminated plaintiff's benefits as of February 24, 1978.

Plaintiff's claim for review was based upon the following grounds:

"The decision of the administrative law judge that Mrs. Kowalske is able to perform the Sheridan Press and that the Sheridan Press is within her physical restrictions is contrary to law and fact. Plaintiff is otherwise satisfied with the decision."

Defendant did not cross appeal the referee's decision. The WCAB issued its opinion, finding that plaintiff had failed to sufficiently prove the causation necessary for finding a work-related disability. It is apparent that the WCAB reviewed not only the issue raised by plaintiff but also the propriety of the referee's finding of a work-related disability. Plaintiff argues that the WCAB's raising of this issue, *sua sponte,* was improper.

MCL 418.859; MSA 17.237(859) only provides the following concerning the nature and scope of the WCAB's review:

"If a claim for review is filed, the board shall promptly review the order, together with the records of the hearing. The board may hear the parties, together with such additional evidence as it in its discretion may allow them to submit and shall file its order with the records of the proceedings. It shall be the duty of the board to announce in writing its findings of fact and conclusions of law."

Case law has interpreted this section to require the WCAB to review the referee's conclusion *de novo,* exercising its own independent judgment. There is no presumption of validity in favor of the

conclusion reached by the referee. This Court and the Supreme Court are charged with responsibility for reviewing questions of law arising from the decision of the WCAB, not the referee. *Fergus v Chrysler Corp,* 45 Mich App 196, 206; 206 NW2d 521 (1973) (LEVIN, J., *dissenting),* adopted by the Supreme Court, 389 Mich 811 (1973). See, also, *Fawley v Doehler-Jarvis Div of National Lead Co,* 342 Mich 100, 101-102; 68 NW2d 768 (1955).

While this Court has hinted that a claimant may limit the scope of the WCAB's inquiry by filing a narrow claim for review, *Goodman v Bay Castings Div of Gulf & Western Industries,* 49 Mich App 611, 626; 212 NW2d 799 (1973), citing *Thompson v Continental Motors Corp,* 320 Mich 219; 30 NW2d 844 (1948), neither case can be authoritatively cited for the proposition that a claimant may limit the scope of review by the WCAB on appeal by narrowly framing the issue. Each only stands for the proposition that the claimant involved failed to do so by stating a general ground for appeal.

In *Fawley,* the commission found that the claimant was totally disabled despite the narrow issue framed by the defendant concerning only computation of the claimant's average weekly wage. The Supreme Court reversed the board, finding that the claimant was out of work because of a lack of seniority and that there was no basis at the time of the hearing for the award for partial or total disability. The Court, however, did not dispute the commission's ability to review the record *de novo* and consider issues not raised by either party. Noting, however, that the board took up these matters without notifying the defendant, the Court stated: "We consider that the commission, though it has broad powers as to the hearing, should have, in fairness to the defendant, given the defendant

an opportunity to present its views on the matters thus additionally taken up by the commission for its consideration." *Fawley, supra,* p 102. See, also, *Margenovitch v Newport Mining Co,* 213 Mich 272; 181 NW 994 (1921), and *Basner v Defoe Shipbuilding Co,* 319 Mich 67; 29 NW2d 140 (1947).

The Supreme Court has apparently adopted the standard of *Fawley* for appeals to the WCAB under the present act. See *Lang v General Motors Corp,* 412 Mich 930; 315 NW2d 134 (1982). In *Lang,* the Court reversed the Court of Appeals judgment and remanded to the WCAB for reconsideration. The Court found the WCAB erred during its *de novo* review by considering documentary evidence which was not in existence at the time of the referee's hearing when neither party has requested that the WCAB consider such additional evidence. Because the WCAB has statutory authority to consider additional evidence and testimony, MCL 418.859; MSA 17.237(859), only the *sua sponte* nature of the WCAB's actions remained as being objectionable.

The adoption of the *Fawley* standard in the present case does not merit vacating the decision of the WCAB. Under *Fawley,* the WCAB has the power to review *de novo* all matters presented and fully adjudicated by the parties before the hearing referee and the WCAB. In the present case, causation was critical to plaintiff's claim and is one of the factors that must be shown in order to receive compensation. *Fawley* established that parties to a compensation hearing may not limit the WCAB's review of the record facilitating its conclusions of fact and law. While plaintiff's issue on appeal appears to limit the WCAB's review, her brief to that body devoted seven pages to whether the injury was work-related. Less than two pages were

devoted to the narrower favored-work issue. Any remand for further arguments would be cumulative. Plaintiff may have been surprised by the WCAB's decision, but she was not unaware of the critical factor of causation and argued the work-related nature of her injury on appeal. In the present case, no additional information was considered nor was there any need for additional evidence. The WCAB's decision was made by reviewing the same record previously reviewed by the hearing referee.

Affirmed.