CHAMBERS v AUTOMATIC RETAILERS OF AMERICA

Docket No. 62785. Submitted April 6, 1983, at Detroit.—Decided August 22, 1983.

Hyardis Chambers suffered a cervical injury in the course of her employment with Automatic Retailers of America when, on October 8, 1965, a part of a machine struck her in the head, neck, and shoulders. She continued her employment until March 16, 1968. In 1971, Chambers was granted an open award of workers' disability compensation benefits for the 1965 injury. In 1976, Automatic Retailers and its insurer, Royal Globe Insurance Company, Inc., filed a petition to stop compensation and recoup overpayments, alleging that Chambers had recovered as of April 1, 1974. In 1977, while the petition to stop payment was still pending, Chambers filed a new petition, alleging an occupational lung disability with a March 16, 1968, date of injury. The hearing officer denied the petition to stop benefits, found a compensable lung disorder with a date of injury of March 16, 1968, and a date of disability in 1973, awarded total disability benefits as to the lung disorder, and, because the lung disorder benefits exceeded the benefits for the cervical injury, did not order continuing payments of the cervical injury benefits. On appeal, the Workers' Compensation Appeal Board affirmed the hearing officer's finding with respect to the petition to stop benefits on the cervical injury claim, reversed *sua sponte* the hearing officer's award for the lung disorder claim on a finding that Chambers failed to satisfy the statutory notice of disability provisions, and reinstated continuing benefits for the cervical injury claim. Chambers appeals by leave granted. *Held:*

1. The appeal board, pursuant to its authority and obligation to make a *de novo* review, has the authority to consider *sua sponte* issues not raised by the parties.

2. The question of whether there was compliance with the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 618, 630, 638.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 549, 550, 552.
[3] 82 Am Jur 2d, Workmen's Compensation § 445.
[4] 82 Am Jur 2d, Workmen's Compensation § 442.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 446, 450.

notice of disability requirement is a question of fact for the appeal board. The appeal board's findings on that question are binding on the Court of Appeals if there was evidentiary support. There is clear evidentiary support for the appeal board's finding that the claimant failed to give timely notice of the lung-related disability.

3. Since this claim arose prior to January 1, 1982, the fact that compensation was being paid for the unrelated cervical injury claim does not act as a waiver by the employer or the employer's insurer of proper notice of the lung disorder claim.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — SCOPE OF APPEAL.

The Workers' Compensation Appeal Board, pursuant to its power and responsibility to review *de novo* the record and the decision of the hearing officer, has the authority to consider *sua sponte* issues not raised by the appealing party (MCL 418.859; MSA 17.237[859]).

2. WORKERS' COMPENSATION — NOTICE — QUESTION OF FACT — APPEAL.

The question of whether a workers' disability compensation claimant failed to comply with the notice of disability requirement is a question of fact; the findings of the Workers' Compensation Appeal Board on the question of compliance with the notice of disability requirement are binding on the Court of Appeals if such findings have evidentiary support.

3. WORKERS' COMPENSATION — DISABILITY — NOTICE.

The statutory period for notice of disability in the Worker's Disability Compensation Act commences to run only after the employee has knowledge or reasonable grounds for knowledge of the disability and after he discovers or by reasonable diligence could have discovered that the disability may have been work-related (MCL 418.381, 418.441; MSA 17.237[381], 17.237[441]).

4. WORKERS' COMPENSATION — INJURY — NOTICE.

The notice requirement of the Worker's Disability Compensation Act was designed to benefit the employer by providing him the opportunity to investigate the injury while facts are still accessible and to minimize his losses by providing prompt medical treatment as well as to benefit the employee by imposing a duty on the employer to report to the Bureau of Workers' Disability Compensation which in turn may advise the em-

ployee and his dependents of their rights (MCL 418.381; MSA 17.237[381]).

5. WORKERS' COMPENSATION — NOTICE — WAIVER.

   The payment to an employee of workers' disability compensation benefits by an employer or its insurer does not act as an implied waiver of the employee's compliance with the statutory notice of disability with respect to a claim of a disability which is unrelated to the disability for which compensation is being paid and which arose prior to January 1, 1982 (MCL 418.381; MSA 17.237[381]).

*Miller, Cohen, Martens & Sugerman, P.C.* (by *Norton J. Cohen* and *Peter J. Caplan*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit*), for defendants.

Before: WAHLS, P.J., and GRIBBS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order of the Workers' Compensation Appeal Board (WCAB) modifying the decision of the hearing officer. Plaintiff was injured within the course of her employment with defendant Automatic Retailers of America (ARA) on October 8, 1965, when part of a machine struck her on the back of her head, neck, and shoulders. Plaintiff continued her employment until March 16, 1968. Following a hearing in 1971, the hearing officer found that plaintiff had suffered the October 8, 1965, injury and granted an open award of benefits. No appeal was taken from that decision.

On July 27, 1976, defendants filed a petition to stop compensation and recoup overpayment, alleging that plaintiff had recovered as of April 1, 1974. On April 11, 1977, while defendants' petition was pending, plaintiff filed a new petition for hearing,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleging an occupational lung disability with a March 16, 1968, date of injury. Following a hearing the hearing officer denied defendants' petition to stop benefits, finding that defendants had failed to prove plaintiff's recovery. Additionally, the hearing officer found March 16, 1968, as the date of the injury in the nature of a lung disorder, specifically, chronic bronchitis and pulmonary emphysema. Disability from that injury was found to have occurred in 1973. Continuing benefits were not ordered for the previously adjudicated October 8, 1965, cervical injury, since the benefits for the lung disorder were at the higher rate for a total disability.

The WCAB affirmed the hearing officer's finding with regard to defendants' petition to stop compensation. However, it found that plaintiff was not entitled to compensation for the alleged lung disability, because plaintiff had failed to comply with the notice provisions of §§ 441 and 381 of the Worker's Disability Compensation Act, MCL 418.441; MSA 17.237(441), MCL 418.381; MSA 17.237(381).[1] Accordingly, the WCAB reversed the

---

[1] The action is governed by the notice provisions in former MCL 418.381; MSA 17.237(381) and MCL 418.441; MSA 17.237(441), which provide, respectively:

"(1) No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or in case of the death of the employee, within 12 months after death; or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim. In a case in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or

makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained. Any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim shall not be construed to be any part of the 6 months' limitation mentioned in this section. In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau.

"(2) Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau." MCL 418.381; MSA 17.237(381).

"The requirements of notice of occupational disease and death resulting therefrom and the requirements as to the bringing of proceedings for compensation for disability or death resulting from such occupational disease shall be the same as required in chapter 3, except that the notice shall be given to the employer within 120 days after the disablement." MCL 418.441; MSA 17.237(441).

The amended MCL 418.381(1); MSA 17.237(381)(1), effective January 1, 1982, provides:

"(1) A proceeding for compensation for an injury under this act shall not be maintained unless a claim for compensation for the injury, which claim may be either oral or in writing, has been made to the employer or a written claim has been made to the bureau on forms prescribed by the director, within 2 years after the occurrence of the injury. In case of the death of the employee, the claim shall be made within 2 years after death. The employee shall provide a notice of injury to the employer within 90 days after the happening of the injury, or within 90 days after the employee knew, or should have known, of the injury. Failure to give such notice to the employer shall be excused unless the employer can prove that he or she was prejudiced by the failure to provide such notice. In the event of physical or mental incapacity of the employee, the notice and claim shall be made within 2 years from the time the injured employee is not physically or mentally incapacitated from making the claim. A claim shall not be valid or effectual for any purpose under this chapter unless made within 2 years after the later of the date of injury, the date disability manifests itself, or the last day of employment with the employer against whom claim is being made. If an employee claims benefits for a work injury and is thereafter compensated for disability by worker's compensation or benefits other than worker's compensation, or is provided favored work by the employer because of the disability, the period of time within which a claim is made for benefits under this act shall be extended by the time during which the benefits are paid or the favored work is provided."

hearing officer's decision awarding plaintiff benefits for the lung disability and reinstated continuing benefits for her 1965 cervical injury.

Plaintiff first contends that the WCAB exceeded its authority by raising, *sua sponte,* the issue of whether she had complied with the act's notice provisions. This Court has examined the pertinent authorities and concludes that the WCAB, pursuant to its power and responsibility to review the hearing officer's decision *de novo,* has authority to raise and rule on issues presented by the record and is not limited to considering only those issues raised by the appealing party. *Margenovitch v Newport Mining Co,* 213 Mich 272; 181 NW 994 (1921); *Thompson v Continental Motors Corp,* 320 Mich 219; 30 NW2d 844 (1948); *Fawley v Doehler-Jarvis Division of National Lead Co,* 342 Mich 100; 68 NW2d 768 (1955); *Bacic v General Motors Corp,* 90 Mich App 40; 282 NW2d 1 (1979); *Nelson v General Motors Corp,* 122 Mich App 499; 332 NW2d 514 (1983); *Kowalske v General Motors Corp, Fisher Body Division,* 126 Mich App 252; 337 NW2d 54 (1983); MCL 418.859; MSA 17.237(859). Even were we to adopt a contrary interpretation, we believe defendants' brief before the WCAB implicitly raised the notice issue. We conclude that the WCAB did not err in ruling on the notice issue.

Plaintiff next contends that the WCAB erred in finding that plaintiff had failed to comply with the notice requirement. The question of notice is one of fact and the WCAB's findings are binding on this Court if there is evidentiary support. *Smith v Kelsey-Hayes Co (After Remand),* 404 Mich 70, 73; 273 NW2d 1 (1978), *reh den* 406 Mich 1102 (1979). The statutory notice period commences only after the employee has knowledge or reasonable grounds for knowledge of the disability and after

he discovers or by reasonable diligence could have discovered that the disability may have been work-related. *Lewis v Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975). The WCAB found that plaintiff had reason to know that her lung disability was work-related no later than September, 1973. There is clear evidentiary support for that conclusion.[2] It is undisputed that plaintiff failed to give her employer notice of the lung disability prior to the time that she filed the petition for hearing on April 11, 1977, and there is no question that the notice period had expired long before that time.

Plaintiff argues, however, that notice was not required because, at the time she learned of the work-related lung disability in 1973, she was already receiving weekly benefits for her cervical injury. Relying on *Girlish v Acme Precision Products, Inc,* 404 Mich 371; 273 NW2d 62 (1978), *reh den* 406 Mich 1103 (1979), plaintiff asserts that considerations of equity and fairness preclude the lack of timely notice from operating as a bar to recovery. Plaintiff contends that notice of a second

---

[2] The WCAB quoted the following testimony of the plaintiff's treating physician:

"*Q.* One other question. When she finally did complain to you specifically about the lungs and the wheezing and the coughing up of the phlegm in 1973, was this also the first time that she told you that she had worked in a graphite plant and related it to the graphite?

"*A.* Well, I—she didn't tell me that, in my notes, until September 27th of '73. It's peculiar—

"*Q. (Interposing):* You indicated a visit in June and another in August of '73, and you indicated these two visits is *[sic]* where the first came up. But you said in August—in June of '73, and I'm quoting my notes from you, 'She didn't have much—or you didn't have much, and then in August of '73 she complained of coughing up thick white phlegm and wheezing.'

"*A.* In June, that was just my impression.

"*Q.* Yes, but in August is when she complained?

"*A.* When she really complained.

"*Q.* And that was in September when she related this to the graphite?

"*A.* That's correct, sir."

disabling condition is not required during the time the employee is receiving workers' compensation benefits, because the recipient has no reason to believe that there is any further need to act to preserve the right to compensation.

In *Girlish* the plaintiff sustained a back injury in February, 1971, during the course of her employment with the defendant. Plaintiff ceased work on February 28, 1971, due to an attack of influenza. On March 1, 1971, plaintiff visited her doctor for treatment of her influenza. On March 8, she filed a claim under her employer's group insurance plan for health and accident benefits for her influenza condition. Plaintiff first received treatment for her back injury on March 10, 1971. The plaintiff received health and accident benefits during March and April, 1971, but these benefits were terminated on April 30, 1971, because the carrier determined that plaintiff was not disabled for purposes of health and accident benefits. The plaintiff subsequently filed a claim for workers' compensation benefits, but the hearing referee and the WCAB denied benefits, finding that plaintiff had failed to give the required notice of injury within three months as required by statute. The Supreme Court held that an employer impliedly waives its right to notice during the period when the employer's group health and accident insurance carrier voluntarily furnishes alternative medical benefits to an employee who has suffered an otherwise compensable injury. The Court stated:

"It would be an ironic and inequitable rule of law if this Court were to deny an employee, who has suffered an otherwise compensable injury, compensation benefits because an employer or his sickness and accident carrier voluntarily paid alternative benefits during the three-month notice period. This is especially true be-

cause the unsophisticated employee, possibly on the advice of the employer or union representative, is usually operating on the justifiable belief that the alternative benefits received are the correct benefits. The employee, who is receiving benefits, has no reason to believe there is any further need to act to preserve his right to compensation." 404 Mich 381.

The *Girlish* Court emphasized the narrowness of its holding, stating that an implied waiver arises only: (1) when the notice period is running because the employee has the requisite knowledge of a possible work-related disability; (2) when an employer or its insurance carrier voluntarily furnishes during the notice period alternative medical benefits to an employee who has suffered an otherwise compensable injury; and (3) when the hearing officer and/or the WCAB do not find any attempted fraud on the part of the employer or the employee in either the furnishing or acceptance of the alternative benefits. *Girlish, supra,* p 383.

The purposes of the notice requirement were summarized in *Lewis v Chrysler Corp, supra,* p 366, citing *Norris v Chrysler Corp,* 391 Mich 469, 474-476; 216 NW2d 783 (1974):

"In brief the notice requirement was designed to benefit the employer by providing him the opportunity to investigate the injury while facts are still accessible and to minimize his losses by providing prompt medical treatment as well as to benefit the employee by imposing a duty on the employer to report to the Workmen's Compensation Bureau which in turn may advise the employee and his dependents of their rights."

We are convinced that extension of the *Girlish* implied waiver doctrine to the instant facts would thwart the furtherance of these purposes. In view of the Supreme Court's careful limitation of the

implied waiver rule to the facts of the *Girlish* case, we find that the rule does not apply where, as here, the plaintiff was receiving workers' compensation benefits for a prior injury and subsequently became aware of an unrelated work disability. The plaintiff should not be excused from providing the statutory notice of the second disability in such cases.[3]

We conclude that the WCAB did not err in finding that plaintiff's failure to comply with the notice requirement barred her recovery for the lung disability.

Affirmed.

---

[3] We recognize that MCL 418.381(1); MSA 17.237(381)(1), as amended, effective January 1, 1982, would apparently toll the notice period during the time when the employee is receiving compensation or other benefits. The amended statute does not apply to the instant case.