DINGLER v CITY OF LANSING BOARD OF WATER AND LIGHT

Docket No. 71624. Submitted February 9, 1984, at Lansing.— Decided June 19, 1984.

Robert E. Dingler, an employee of the City of Lansing Board of Water and Light, was injured in the course of his employment in 1971. Michigan Mutual Insurance Company, the workers' compensation insurance carrier for the Board of Water and Light, voluntarily paid workers' compensation benefits to Dingler until June 7, 1978. In August, 1977, Dingler filed a petition seeking benefits based upon permanent and total disability as a result of the loss of the industrial use of his legs and arms. In December, 1978, a hearing referee found that Dingler was disabled, but not totally or permanently. Dingler appealed, as did the Board of Water and Light and Michigan Mutual. In 1983, the Workers' Compensation Appeal Board affirmed the decision of the hearing referee. In the meantime, in 1981, the Board of Water and Light filed a petition to stop payment of benefits to Dingler. In reaching its decision in 1983, the WCAB considered three medical depositions taken in conjunction with the Board of Water and Light's 1981 petition to stop payment of benefits. The depositions had been taken after the hearing referee's decision in 1978. The Board of Water and Light and Michigan Mutual appeal by leave granted from the decision of the WCAB affirming the hearing referee's finding that Dingler was disabled. *Held:*

1. The WCAB erred in considering medical depositions taken in conjunction with the Board of Water and Light's 1981 petition. The case must be remanded for reconsideration.

2. The WCAB did not err in imposing interest at a rate of 12% per annum on all benefits found to be due to Dingler but unpaid as of January 1, 1982.

Affirmed in part, reversed in part, and remanded.

1. WORKERS' COMPENSATION — APPEAL — EVIDENCE.
   The Workers' Compensation Appeal Board has the discretion to

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 633.
[2] 82 Am Jur 2d, Workmen's Compensation § 579.

consider additional evidence when reviewing a determination by a hearing referee only if a request to consider the additional evidence has been made by one of the parties; the WCAB does not have the discretion to consider evidence outside the record on its own motion (MCL 418.859; MSA 17.237[859]).

2. WORKERS' COMPENSATION — INTEREST ON AWARDS.

Interest on workers' compensation awards entered after January 1, 1982, is to be paid at the rate of 12% per annum from the date each payment was due (MCL 418.801[5]; MSA 17.237[801][5]).

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Thomas P. Bobay),* for plaintiff.

*Baxter & Hammon* (by *James R. Piggush),* for defendants.

Before: CYNAR, P.J., and J. H. GILLIS and R. C. ANDERSON,* JJ.

PER CURIAM. This is an appeal on leave granted by this Court from a determination of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a hearing referee, with a modification not important to this dispute.

The following underlying facts are important only to the extent that they show the procedural posture of this case. Plaintiff was injured in 1971 while in the course of his employment with defendant City of Lansing Board of Water and Light. Until June 7, 1978, plaintiff was voluntarily paid benefits.

In August, 1977, plaintiff filed a new petition for benefits which alleged that he was permanently and totally disabled as a consequence of the loss of the industrial use of his legs and arms. Defendants responded to this petition by asserting that plaintiff had not proven any disability beyond the pe-

* Circuit judge, sitting on the Court of Appeals by assignment.

riod ending June 8, 1978. Following a hearing in December, 1978, the hearing referee found that plaintiff was disabled, but that this disability was neither total nor permanent. Both sides appealed from that decision. In 1983, the WCAB issued an opinion which essentially affirmed the decision of the hearing referee.

The major issue in this case arises because, before the WCAB rendered its 1983 decision on plaintiff's eligibility for continuing benefits, the Board of Water and Light filed a petition in 1981 to stop benefits. A hearing on this petition had not been conducted by the time the WCAB's 1983 decision, which affirmed plaintiff's eligibility for benefits based on his 1977 petition, had been rendered. In reaching its 1983 decision, however, the WCAB considered three medical depositions taken after the 1978 hearing and after the hearing referee's decision on the 1977 petition. These depositions had been taken in conjunction with the Board of Water and Light's 1981 petition to stop benefits. They were not introduced into evidence as part of the record relating to the 1977 petition.

Defendants' major claim on appeal is that the WCAB denied them due process of law in basing its decision on the 1977 petition in part on the medical depositions taken in connection with the 1981 petition. Plaintiff contends, however, that the WCAB did not abuse its discretion in considering these depositions because, pursuant to MCL 418.859; MSA 17.237(859), the WCAB is empowered to hear additional evidence as it may permit in its discretion. We agree with defendants that the WCAB erred in considering the medical depositions taken in conjunction with the 1981 petition. However, we reach this decision on the basis of statutory construction and not the constitutional ground advanced by defendants.

Section 859 of the Worker's Disability Compensation Act, MCL 418.859; MSA 17.237(859), provides in part that the WCAB "may hear the parties, together with such additional evidence as it in its discretion may allow them to submit and shall file its order with the records of the proceedings". In our opinion, the critical phrase of MCL 418.859; MSA 17.237(859) pertinent to this dispute is the "may allow them to submit" language. A fair reading of this language suggests that the Legislature intended that the WCAB would only have discretion to consider additional evidence if a request to consider this evidence was made by one of the parties. Had the Legislature intended the WCAB to have discretion to consider evidence outside the record on its own motion, we would have expected the Legislature to employ language in MCL 418.859; MSA 17.237(859) such as that the WCAB "may consider such additional evidence as it in its discretion deems necessary to a fair resolution of the case".

Our construction of MCL 418.859; MSA 17.237(859) is supported by the Supreme Court's order in *Lang v General Motors Corp,* 412 Mich 930; 315 NW2d 134 (1982), which states:

"Leave to appeal considered February 5, 1982 and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the Court of Appeals judgment and remand the case to the Workers' Compensation Appeal Board for reconsideration. The Workers' Compensation Appeal Board erred in its *de novo* review by considering documentary evidence which was not in existence at the time of the hearing before the administrative law judge where neither party requested that the board consider the additional evidence. MCL 418.859; MSA 17.237(859). Compare *Fawley v Doehler-Jarvis Div of National Lead Company,* 342 Mich 100 (1955)."

The case of *Fawley v Doehler-Jarvis Div of National Lead Co,* 342 Mich 100; 68 NW2d 768 (1955), cited in the *Lang* order, while not based on a construction of a particular statutory provision, similarly notes the unfairness of allowing the WCAB to take up matters not considered by the parties to be in controversy. See, also, *Kowalske v General Motors Corp,* 126 Mich App 252, 255-256; 337 NW2d 54 (1983). Given these precedents, we conclude that this case must be remanded to the WCAB for reconsideration.[1]

Defendants also contend that the WCAB erred in imposing interest at a rate of 12% per annum on all of the benefits found to be due to plaintiff but unpaid on January 1, 1982, the effective date of MCL 418.801(5); MSA 17.237(801)(5), which provides for the 12% interest rate. The Michigan Supreme Court recently resolved this issue contrary to defendant's position in *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984).

Affirmed in part, reversed in part, and remanded to the WCAB for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

---

[1] If the WCAB believes it is desirable to consider something not of record, this opinion does not foreclose the board from contacting the parties and asking each to request that it be allowed to submit as additional evidence that which the board wants to consider. However, if all of the parties decline to make such a request, the WCAB may not consider the additional deposition, document or whatever the item may be. In any case, in every appeal to the WCAB in which the board does take additional evidence, all of the parties must be given notice of this decision and be given a reasonable opportunity to present arguments as to the significance which should be attached to the additional evidence.